(No. 74599.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DERRICK PORTER, Appellee.

*Opinion filed August 26, 1993.—Rehearing denied October 4, 1993.*

Roland W. Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee Goldfarb, Theodore F. Burtzos and Michele I. Lavin, Assistant State's Attorneys, of counsel), for the People.

Geary W. Kull and Daniel T. Coyne, of Chicago, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The People of the State of Illinois appeal from the circuit court of Cook County's dismissal (and the appellate court's affirmance) of a murder charge against defendant Derrick Porter based on the double jeopardy clauses of the State and Federal Constitutions and section 3—4(c) of the Illinois Criminal Code of 1961. For the reasons that follow, we reverse and remand this cause for a trial on the merits.

## BACKGROUND FACTS

On October 18, 1988, defendant was convicted of the murder of Willie Bibbs by a jury. The jury had been re-

quested by the State. Defendant, on the other hand, had sought a bench trial. Subsequently, this court ruled in another case that it was error to conduct a jury trial where the defendant did not want a jury but sought a bench trial. (*People ex rel. Daley v. Joyce* (1988), 126 Ill. 2d 209, 221-22.) This ruling necessitated the ordering of a new trial in the instant case in 1990.

Meanwhile, in completely separate proceedings, defendant in 1989 was indicted in Federal court along with 37 other alleged members and associates of the El Rukn organization. This was a RICO prosecution, brought pursuant to 18 U.S.C. §1961 *et seq.* (1988). He was charged with racketeering conspiracy, substantive racketeering, conspiracy to distribute narcotics and obstruction of justice. The narcotics conspiracy and obstruction of justice charges also served as predicate offenses to the substantive racketeering charge. It is the substantive racketeering charge that is relevant to this case.

In 1990, when the parties to the instant case appeared before the State appellate court, the State confessed error in light of *Daley*, and, as already noted, the cause was remanded for a new trial.

In 1991, the Federal court dismissed the charges against defendant, including the substantive racketeering charge. The requirements of this charge are set out more fully later in this opinion, but briefly, the government must show at least two predicate offenses, one of which occurred during the five-year limitations period. In the case against defendant, the government charged eight predicate offenses, two of which satisfied the statute of limitations (the timely offenses): obstruction of justice and conspiracy to distribute narcotics. One of the six remaining predicate offenses was the Willie Bibbs murder, the subject of the instant cause.

In dismissing the Federal charges, the court ruled that there was insufficient evidence to prove either timely offense. Without a predicate offense occurring within five years of the indictment, the statute of limitations barred the prosecution.

Following this dismissal, defendant's remanded State murder charge came once again before the State trial court. However, the trial court found that the Federal proceedings amounted to a prosecution and an acquittal of the Bibbs murder, and therefore ruled that the State prosecution was now barred under the State and Federal double jeopardy clauses (Ill. Const. 1970, art. I, §10; U.S. Const., amends. V, XIV), as well as section 3—4(c) of the Illinois Criminal Code (720 ILCS 5/3—4(c) (West 1992)).

The State appealed, and the appellate court affirmed the judgment. It underwent an extensive double jeopardy analysis, and noted that the predicate offense of the Bibbs murder as charged by the Federal government mirrored the State's charge. It concluded that the two acts were the same offense, and therefore the subsequent prosecution by the State was barred. It also rejected the State's argument that the Federal dismissal did not amount to an acquittal, since a jury had been impanelled and both sides had presented their cases. It affirmed the judgment of the trial court to the extent that the dismissal was based on the double jeopardy clause.

## THE SEPARATE SOVEREIGNS DOCTRINE

As a preliminary constitutional matter, we note that the State and Federal double jeopardy clauses do not bar this prosecution under the long-recognized separate sovereigns doctrine. "[A] federal prosecution does not bar a subsequent state prosecution of the same person for the same acts, and a state prosecution does not bar a federal one. The basis for this doctrine is that prosecutions under

the laws of separate sovereigns do not, in the language of the Fifth Amendment, 'subject [the defendant] for the same offence [*sic*] to be twice put in jeopardy.' " *United States v. Wheeler* (1978), 435 U.S. 313, 317, 55 L. Ed. 2d 303, 308-09, 98 S. Ct. 1079, 1082-83. See also *Bartkus v. Illinois* (1959), 359 U.S. 121, 132, 3 L. Ed. 2d 684, 691-92, 79 S. Ct. 676, 682-83.

## THE STATUTE

If this prosecution were to be blocked, authority would have to be grounded in the statutory restriction which Illinois has imposed upon itself. Under section 3—4(c) of the Illinois Criminal Code:

"A prosecution is barred if the defendant was formerly prosecuted in a District Court of the United States or in a sister State for an offense which is within the concurrent jurisdiction of this State, if such former prosecution:

(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution ***." 720 ILCS 5/3—4(c)(1) (West 1992).

Thus, the issue to be resolved today is the scope of the Illinois statutory restriction.

Statutory construction begins with the plain meaning of the language employed, and ends there when the meaning is clear. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277.) Such is the case at hand. Before section 3—4(c)(1) will bar a prosecution, four requirements must be met: first, the Federal or sister-State prosecution must indeed be a *former* prosecution; second, the former prosecution must have resulted in a conviction or an acquittal; third, both prosecutions must be for the same conduct; and fourth, proof of every required fact of one of the prosecutions must be required in the other prosecution.

## ANALYSIS

The absence of any one of these four requirements will render section 3—4(c)(1) inapplicable. In the instant case we need not decide whether, even though it was brought a year after the instant cause was first initiated, the Federal cause was actually a former prosecution as anticipated by the statute; or whether the dismissal on the technical statute of limitations worked as an acquittal for the collateral charges whose merits were never resolved. This is true because, although it is highly doubtful that either of these requirements are met, it is absolutely true that each prosecution requires proof of a fact not required in the other. A comparison of the essential elements of the State and Federal cases demonstrates that section 3—4(c)(1) does not bar the defendant's prosecution.

"To establish a RICO violation \*\*\* the government must establish [*inter alia*] \*\*\* that the defendant's participation is through a pattern of racketeering activity through the commission of at least two acts of racketeering activity as set forth in the indictment." (*United States v. Young* (11th Cir. 1990), 906 F.2d 615, 619.) Only one of these acts must satisfy the five-year statute of limitations. *United States v. Walsh* (2d Cir. 1983), 700 F.2d 846, 856; see also *United States v. Persico* (2d Cir. 1987), 832 F.2d 705, 714.

Thus, in the defendant's case, the government had to prove either obstruction of justice or conspiracy to distribute narcotics and any one of the other predicate offenses. The Federal government could have won its case without proving defendant guilty of Willie Bibbs' murder; thus, the murder cannot be seen as a fact required to be proven. Since the State in this case will be required to prove the elements of murder (a fact which was not required of the Federal government), and the Federal government had to prove the elements of either obstruction of justice or nar-

cotics conspiracy (neither of which will be required of the State), "each prosecution requires proof of a fact not required in the other prosecution." (720 ILCS 5/3—4(c)(1) (West 1992).) By the very terms of the statute, it does not apply to this case. Thus, this case was erroneously dismissed.

· Under different circumstances, the fact that the Federal government tried to bolster its RICO claim with the Bibbs murder might have been relevant. Had the Federal case gone far enough that, on the merits, defendant was adjudged not guilty of Bibbs' murder, section 3—4(c)(2) would have prevented a State trial (assuming the "former prosecution" requirement was truly met). Section 3—4(c)(2) prevents a subsequent prosecution when a former prosecution "[w]as terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact necessary to a conviction in the prosecution in this State." (720 ILCS 5/3—4(c)(2) (West 1992).) This section was included to impose a form of collateral estoppel on nonessential elements which are nevertheless adjudicated by a Federal or sister-State court. A determination in a defendant's favor of any fact which, if decided to the contrary, might be criminally inculpatory will be resolved in that defendant's favor.

In the instant case, however, the reprosecution of defendant for the Bibbs murder is not inconsistent with the Federal court's determination that there was insufficient evidence to prove obstruction of justice or narcotics conspiracy. Thus, section 3—4(c)(2) does not bar this prosecution.

Consequently, we reverse and remand this cause to the circuit court for a trial on the merits.

*Appellate court reversed;*
*circuit court reversed;*
*cause remanded.*