THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. C. BRIAN PENDLETON, Defendant-Appellant.

First District (3rd Division)    No. 1—93—2068

Opinion filed June 29, 1994.

C. Brian Pendleton, of Kenilworth, appellant *pro se.*

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Michael Golden, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Defendant C. Brian Pendleton was charged with the misdemeanor offense of resisting a police officer. (Ill. Rev. Stat. 1991, ch. 38, par. 31—1 (now 720 ILCS 5/31—1 (West 1992)).) Upon a plea of guilty on March 18, 1993, defendant received supervision requiring payment of a $50 fine and an apology to the police officer. The terms of supervision were deemed successfully completed and terminated on the same day. Defendant, *pro se,* argues that the notation on the half sheet reveals that he was found guilty and that a finding of guilt is inconsistent with a disposition of supervision.

Defendant's arguments present a misunderstanding of the nature of supervision. The applicable statute provides, in pertinent part:

"The court may, upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt,

defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant ***." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—1(c) (now 730 ILCS 5/5—6—1 (West 1992)).)

According to the plain and ordinary meaning of the words of the statute (*People v. Porter* (1993), 156 Ill. 2d 218, 222, 620 N.E.2d 381), this section provides that a finding of guilt is an appropriate precursor to supervision, as are guilty pleas and stipulations by defendant to the factual basis supporting the charge.

■ Defendant further argues that a finding of guilt is incompatible with dismissal of the charges. However, the consequence of successful completion of supervision is dismissal of the charges against defendant. (*Kirwan v. Welch* (1989), 133 Ill. 2d 163, 549 N.E.2d 348.) Accordingly, there is no judgment of guilt entered against defendant. Defendant's arguments present a misunderstanding of the difference between a finding and a judgment. A finding of guilt is not a final judgment until a sentence has been entered. See Ill. Rev. Stat. 1991, ch. 38, par. 1005—1—12 (now 730 ILCS 5/5—1—12 (West 1992)).

Thus, the order of the circuit court is affirmed.

Affirmed.

TULLY, P.J., and CERDA, J., concur.