THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SUSAN HURLEY *et al.*, Defendants-Appellees.

First District (3rd Division)   Nos. 1—91—0556 through 1—91—0559, 1—91—0578, 1—91—0579, 1—91—0581, 1—91—0582, 1—91—0724 through 1—91—0737, 1—91—1060 through 1—91—1062 cons.

Opinion filed December 30, 1994.—Rehearing denied January 30, 1995.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen, Martin Van Kempen, and Thomas L. Ciecko, Assistant Attorneys General, of counsel), for the People.

John F. Small and Nancy M. Donlon, both of Palos Heights, for appellee.

Joseph J. Banks, Peter N. Silvestri, Russell D. Syracuse, Margaret B. Sweeney, Scott D. Miller, and Lynn N. Donley, Special Assistant Attorneys General, of Illinois Department of Labor, of Chicago, for amicus curiae.

JUSTICE RIZZI delivered the opinion of the court:

These consolidated cases present the identical issue of whether, for purposes of applying an 18-month statute of limitations on prosecutions for an employer's refusal to pay wages due an employee, each day an employer continues to refuse to pay those same wages constitutes a new offense, subject to a new 18-month limitations period. We find that it does and therefore reverse the orders of the circuit court dismissing, as untimely, prosecutions of defendant Susan Hurley and all the other consolidated defendants.

Only one of the consolidated cases, involving defendant Susan Hurley, has been fully briefed in this court, with the understanding that all the other consolidated cases would be controlled by our disposition of this cause. The pertinent facts of that case are not in dispute. On December 6, 1989, defendant Hurley was charged by complaint with having "continuously between April 28, 1987 and September 30, 1987," committed the offense of violation of section 39m—14(a) of the Illinois Wage Payment and Collection Act (Ill. Rev. Stat. 1987, ch. 48, par. 39m—14(a)) (the Act) by willfully refusing to pay final compensation to William Aldrich. On Hurley's motion the charge was dismissed by the circuit court of Cook County, which found that the 18-month statute of limitations on misdemeanors (Ill. Rev. Stat. 1987, ch. 38, par. 3—5(b)) was applicable and barred this prosecution.

■ Section 3—5(b) of the Criminal Code of 1961 provides:

"Unless the statute describing the offense provides otherwise, *** a prosecution for any offense *** must be commenced *** within one year and 6 months after its commission if it is a misdemeanor." Ill. Rev. Stat. 1987, ch. 38, par. 3—5(b).

■ The offense at issue is a Class C misdemeanor. (Ill. Rev. Stat. 1987, ch. 48, par. 39m—14(a).) But section 39m—14(a) also provides, "Each day during which any violation of this Act continues shall con-

stitute a separate and distinct offense." (Ill. Rev. Stat. 1987, ch. 48, par. 39m—14(a).) The State contends that under the plain meaning of this provision the statute of limitations on this prosecution has not run because each day on which defendant Hurley has continued to fail to pay final compensation to her former employee constitutes a separate and distinct offense, for which the statute of limitations begins to run anew. We concur, based on principles of statutory construction and on precedent.

"Statutory construction begins with the plain meaning of the language employed, and ends there when the meaning is clear." (*People v. Porter* (1993), 156 Ill. 2d 218, 222, 620 N.E.2d 381, 384.) The plain meaning of the provision at issue here is that an employer who continues in her refusal to pay compensation owed to an employee commits an additional, separate offense on each day that this refusal continues. Whenever possible, statutes should be construed so that no terms are rendered superfluous. (*People v. Wisslead* (1985), 108 Ill. 2d 389, 394, 484 N.E.2d 1081, 1082.) To construe the statute otherwise here would render superfluous the language concerning separate and distinct offenses. Thus, in oral argument, counsel for Hurley suggested that this language was intended to apply to situations where an employee was paid on a weekly basis, so that each work day within that week for which wages were owed could constitute a separate and distinct offense. But that situation is already covered by the statutory language concerning an employer willfully refusing to pay wages. Therefore, we find that fundamental principles of statutory construction support our construction of the Act.

Our construction of the statute is also supported by case law. In *Clark v. Western Union Telegraph Co.* (1986), 141 Ill. App. 3d 174, 490 N.E.2d 36, the plaintiff sought to bring a private action against a former employer and the employer's agents for, *inter alia*, violation of the Act. The defendants successfully invoked a general five-year statute of limitations applicable to civil actions as a bar to the suit. On appeal plaintiff cited the same provision of the Act at issue in this cause concerning each day of continued violations constituting a separate and distinct offense, arguing that this in effect tolled the statute of limitations on civil actions. The appellate court recognized that the effect of defendant's construction would be to negate the statute of limitations in all cases of disputed compensation. It nevertheless agreed that the continuing violation provision applied to criminal actions under the Act, but held that civil suits by employees invoking the Act were governed by the applicable limitations provisions of the Code of Civil Procedure. Thus the *Clark* court recognized that, as to criminal actions brought under the Act, the provision at

issue here did have the effect of extending the statute of limitations for each day the refusal to pay continued.

Defendant Hurley argues that this construction could lead to abuses by prosecutors, who could delay prosecutions for many years. The simple answer to this is that we are not faced with such a situation. Moreover, a defendant confronted with such misconduct by a prosecutor would have available the protections of the due process clause. See *United States v. Gouveia* (1984), 467 U.S. 180, 192, 81 L. Ed. 2d 146, 156-57, 104 S. Ct. 2292, 2299-2300; *People v. Lawson* (1977), 67 Ill. 2d 449, 460-61, 367 N.E.2d 1244, 1249.

Accordingly, for the reasons set forth in this opinion, we reverse the orders of the trial courts in these causes and remand for further proceedings consistent with this opinion.

Reversed and remanded.

CERDA and GREIMAN, JJ., concur.