**TRAVELERS INDEMNITY COMPANY, Judgment Creditor, Plaintiff–Appellee,**

**v.**

**Joel ENGEL, Judgment Debtor, Defendant–Appellant.**

**No. 95–3062.**

United States Court of Appeals, Seventh Circuit.

Argued April 1, 1996.

Decided April 15, 1996.

Edward M. Kay, James T. Ferrini, Imelda Terrazino (argued), Harvey R. Herman, Mark E. Wilson, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, IL, for plaintiff-appellee.

Alvin R. Becker, Howard A. London (argued), Beermann, Swerdlove, Woloshin, Barezky, Becker, Genin & London, Chicago, IL, Barry M. Rosenbloom, Rosenbloom & Rosenbloom, Ltd., Buffalo Grove, IL, for defendant-appellant.

Before CUMMINGS, EASTERBROOK and ROVNER, Circuit Judges.

CUMMINGS, Circuit Judge.

This case requires us to interpret the Illinois Joint Tenancy Act, 765 ILCS 1005/0.01 et seq. The question presented is whether a conveyance purporting to create a tenancy by the entirety actually does so where it fails to expressly declare that the grantees are husband and wife, but where the grantees are in fact husband and wife. We affirm the district court's holding that the plain language of the statute requires the instrument to expressly declare that the grantees are husband and wife.

In February 1994, Travelers Indemnity Company obtained a judgment against Joel Engel for $84,536.27 in the district court for the Eastern District of Pennsylvania. Travelers subsequently registered this judgment in the Northern District of Illinois under 28 U.S.C. § 1963 and commenced a supplementary proceeding against Engel to satisfy the judgment. In that proceeding, Travelers moved for an order requiring Engel to deliver a Glencoe, Illinois, residence he owned with his wife Beth to the Cook County Sheriff for public sale. Engel resisted on the ground that they owned the property as tenants by the entirety and that Illinois law forbids a judgment creditor from enforcing a judgment against real property held as a tenancy by the entirety. The district court granted Traveler's motion on the ground that the deed did not meet the statutory requirements for creating a tenancy by the entirety. Engel now appeals the district court's decision.

Until March 1991, legal title to the Glencoe house was held by Harris Bank Glencoe–Northbrook N.A. ("Harris Bank") as land trustee under trust number L–224. The Engels were the sole beneficiaries of the trust. On March 4, 1991, Engel directed Harris Bank to execute a trustee's deed to transfer title to the property from Harris Bank to the Engels as tenants by the entirety. As a result of this conveyance, the deed now states that the Engels own the property as tenants by the entirety. However, the Illinois Joint Tenancy Act requires more than a mere assertion that the property is held as such:

> Whenever a devise, conveyance, assignment, or other transfer of homestead property maintained or intended for maintenance as a homestead by both husband and wife together during coverture shall be made and the instrument of devise, conveyance, assignment, or transfer expressly declares that the devise or conveyance is made to persons, *named and expressly identified in that instrument as husband*

*and wife,* not as joint tenants or tenants in common but as tenants by the entirety, the estate created shall be deemed to be in tenancy by the entirety.  * * *

765 ILCS 1005/1c (emphasis added).

■ While the Engels are in fact husband and wife and the subject property is their homestead, the instrument fails to expressly identify the Engels as husband and wife. That fact is not disputed. Because the instrument fails to meet one of the statutory requirements, no tenancy by the entirety was created. The statutory requirement that the instrument must expressly identify the parties as husband and wife is clear and unambiguous. Illinois law requires us to enforce the plain language of a clear statutory provision. *Solich v. George & Anna Portes Cancer Prevention Ctr. of Chicago, Inc.,* 158 Ill.2d 76, 81, 196 Ill.Dec. 655, 630 N.E.2d 820, 823 (1994); *People v. Porter,* 156 Ill.2d 218, 222, 189 Ill.Dec. 413, 620 N.E.2d 381, 384 (1993).

Engel attempts to make this a more difficult case than it actually is. He recites the following language from Section 1005/1c, which was added by amendment to the statute after the instrument in this case was drafted:

> A devise, conveyance, assignment, or other transfer to 2 grantees who are not in fact husband and wife that purports to create an estate by the entirety shall be construed as having created an estate in joint tenancy.

765 ILCS 1005/1c. Based on this language, Engel argues that the statute addresses only two situations: first, where the instrument purports to create a tenancy by the entirety but the grantees are not in fact husband in wife, in which case an estate in joint tenancy is created; second, where the transfer is made to grantees who are husband and wife and so states, in which case a tenancy by the entirety is created. He argues that the statute is silent as to a third situation, the one present here: where the instrument creates a tenancy by the entirety for grantees who are not identified as husband and wife but who are in fact husband and wife. Thus Engel asserts that we have before us an open question under Section 1005/1c. We fail to see any such gap in the statute. The amendatory language in no way alters the import of the first sentence of Section 1005/1c quoted above, which sets out the criteria for when a tenancy by the entirety is created. If those criteria are not met, it is unnecessary to read further. However, if those criteria are met, but it is discovered that the grantees are not in fact husband and wife (and it should be noted here that the first sentence quoted above fails to specify that the grantees must in fact be husband and wife), then the amendatory language specifies the proper result—an estate in joint tenancy is created. Here, the instrument of conveyance does not meet the criteria for a tenancy by the entirety, and that is the end of the Section 1005/1c inquiry.

■ Engel also argues that the deed should be reformed to correct a scrivener's error. Since the issue of reformation of the deed was not presented below until Engel filed a motion to stay pending appeal, the issue was waived and we will not consider it on appeal. *Citizens Ins. Co. of Am. v. Barton,* 39 F.3d 826, 828 (7th Cir.1994); *Highlands Ins. Co. v. Lewis Rail Serv. Co.,* 10 F.3d 1247, 1251 (7th Cir.1993); *Laserage Technology Corp. v. Laserage Labs., Inc.,* 972 F.2d 799, 804 (7th Cir.1992).

Affirmed.