2020 IL App (1st) 182164

No. 1-18-2164

Second Division
December 29, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

|  |  |  |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15 CR 18380 (01) |
| THADDEUS JIMENEZ, | ) ) ) | Honorable Catherine M. Haberkorn |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE COBBS delivered the judgment of the court, with opinion.
Justices Lavin and Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1     Following a guilty plea, defendant Thaddeus Jimenez was sentenced to 110 months in federal prison for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2012). Defendant was also charged with attempted murder, aggravated battery, and multiple weapon charges in violation of Illinois's Criminal Code of 2012 (Criminal Code) (720 ILCS 5/3-4 (West 2014)). Pursuant to section 3-4(c) of the Criminal Code, defendant moved to dismiss the state charges, alleging that the prosecution of those charges would constitute double jeopardy. 720

ILCS 5/3-4(c) (West 2014). The circuit court granted in part, and denied in part, defendant's motion to dismiss. The court found that the Illinois weapons charges were barred under section 3-4(c)(1) of the Criminal Code. 720 ILCS 5/3-4(c)(1) (West 2014). However, the court found that the attempted murder and aggravated battery charges were not barred because they involved elements distinct from the federal weapon possession charge. On appeal, defendant argues that his motion to dismiss should have been granted in its entirety because the federal and state charges arose from the same set of facts. For the reasons that follow, we affirm.

¶ 2                                        I. BACKGROUND

¶ 3      The facts necessary to our disposition of this appeal are as follows. On August 17, 2015, defendant was driving his car in Chicago's Irving Park neighborhood. He was accompanied by co-defendant, Jose Roman.[1] Defendant had a .380 caliber pistol, and Roman had a .22 semi-automatic long rifle, which he placed beside him on the passenger seat of the car. While driving through the neighborhood, defendant pulled next to another vehicle that was driven by Earl Casteel, a gang member whom defendant knew. Casteel got out of the car and approached defendant, who was still in the driver's seat. Defendant asked Casteel "[w]hy shouldn't I blast you right now?" Defendant then shot Casteel twice, once in each leg and drove away. Chicago Police Officers pursued defendant in a marked car, but defendant did not pull over. After defendant collided with a parked vehicle, he exited the car with a pistol in his hand, dropped it in a nearby yard, and fled from the officers on foot. Defendant was eventually apprehended and placed under arrest.

¶ 4      Defendant faced criminal charges in both federal and state court. On August 19, 2015, defendant was initially charged with aggravated battery and multiple weapon offenses in the circuit

---

[1]Roman is not part of this appeal. As such, our account of the procedural history and facts of this case pertains to defendant.

court of Cook County. Later that month, on August 26, 2015, a federal indictment was filed in the Northern District of Illinois, charging defendant with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On November 12, 2015, defendant was further charged in state court with six counts of attempted first degree murder (counts I-VI), one count of aggravated battery (count VII), one count of unlawful possession of a firearm by a street gang member (count VIII), four counts of aggravated unlawful use of a weapon (counts IX-XII),[2] and two counts of unlawful possession of a weapon by a felon (counts XX-XXI).

¶ 5    On June 22, 2016, defendant pled guilty to the federal charge and was subsequently sentenced to 110 months in federal prison. Pursuant to section 3-4(c) of the Criminal Code (720 ILCS 5/3-4(c) (West 2014)), defendant moved to dismiss the state charges against him in the circuit court, alleging that they were barred because they involved the same conduct as the federal charges. Defendant argued that section 3-4(c)(1) of the Criminal Code (720 ILCS 5/3-4(c)(1) (West 2014)) was more expansive than the double jeopardy clause of the fifth amendment of the United States Constitution because it "focus[ed] upon 'conduct,' not elements." Although the State conceded that the state and federal charges stemmed from the same events that transpired on August 17, the State argued that double jeopardy did not bar a prosecution in state court where "a comparison of the essential elements of the federal and [s]tate charges showed that proof of every required fact was not required in the other prosecution. "

¶ 6    After a hearing on June 22, 2018, the circuit court held that the other weapon charges were barred under section 3-4(c)(1) of the Criminal Code. However, the attempted murder and aggravated battery charges were not barred, as they involved elements distinct from the federal

---

[2]Counts XIII-XIX pertained to Roman.

weapon possession charge. The court found that the "State's charges [were] clearly different charges than those which were pled in federal court." The court noted that had "it only been the gun case, that would [have been] a different issue." However, given that the "State's charges include[d] the six counts of attempt[ed] murder as well as one count of aggravated battery of a firearm," these charges included "necessary elements that did not exist at all in the federal charge of the gun case." As such, the circuit court found that the attempted murder and aggravated battery charges did not violate defendant's right against double jeopardy as they included "different elements that must be proved by the State" and not the same elements as the federal weapon possession charge. Thus, the circuit court granted in part, and denied in part, defendant's motion to dismiss. Defendant appealed.

¶ 7                                    II. ANALYSIS

¶ 8      On appeal, defendant argues that the charges of attempted murder and aggravated battery should have been dismissed under section 3-4(c)(1) of the Criminal Code because (1) the firearm charge in federal court and the state charges of attempted murder and aggravated battery with a firearm stemmed from the same conduct and (2) neither prosecution required proof of a fact that was not required in the other prosecution. 720 ILCS 5/3-4(c)(1) (West 2014).

¶ 9                              A. Standard of Review

¶ 10     Prior to addressing the merits of this appeal, we must first consider our standard of review. Generally, a circuit court's ruling on a motion to dismiss a charge on double jeopardy grounds will not be reversed on appeal absent an abuse of discretion. *People v. Griffith*, 404 Ill. App. 3d 1072, 1079 (2010). "However, when neither the credibility of witnesses nor the facts are at issue, the issue presents a question of law, and the standard of review is *de novo*." *People v. Staple*, 2016 IL

App (4th) 160061, ¶ 12. Because neither the credibility of the witnesses nor the facts are in dispute, the issue here is purely a legal question that we review *de novo*.

¶ 11    Resolution of the legal question turns on the interpretation of section 3-4(c)(1) of the Criminal Code and 18 U.S.C. § 922(g)(1). "The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent." *People v. Davison*, 233 Ill. 2d 30, 40 (2009). The most reliable indicator of that intent is the "statutory language, given its plain and ordinary meaning." *Id.* In determining the plain meaning of statutory terms, a court must "consider the statute in its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it." *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440 (2010). When the statutory language is clear and unambiguous, a court may not depart from the plain language by reading into the statute " 'exceptions, limitations or conditions that the legislature did not express.' " *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 15 (quoting *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990)). The language of the statute must be applied as written, "without resort to further aids of statutory construction." *Davison*, 233 Ill. 2d at 40. However, a court may consider extrinsic aids of construction if a statute can reasonably be understood in two or more different ways. *Solon*, 236 Ill. 2d at 440. Our review of issues involving statutory construction is *de novo*. *People v. Koen*, 2014 IL App (1st) 113082, ¶ 30.

¶ 12                                B. Double Jeopardy

¶ 13    We now turn to defendant's argument that the state charges against him were a violation of the double jeopardy clause under section 3-4(c)(1) of the Criminal Code.[3] The double jeopardy

---

[3]Defendant does not raise arguments related to double jeopardy under the United States Constitution nor the Illinois Constitution, proceeding solely instead on the grounds that the Illinois statute prohibits the state charges.

clause prohibits an accused from being tried more than once for the same offense. *People v. Bellmyer*, 199 Ill. 2d 529, 536-37 (2002). "The prohibition against double jeopardy is of both constitutional (U.S. Const., amends. V, XIV; Ill. Const.1970, art. I, § 10) and statutory dimension (720 ILCS 5/3-4(c)(1) (West 2004))." *People v. Dunnavan*, 381 Ill. App. 3d 514, 517 (2008).

¶ 14　The purpose of the double jeopardy clause is to protect a citizen against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *People v. Henry*, 204 Ill. 2d 267, 283 (2003). Notwithstanding the constitutional protection against double jeopardy, the separate-sovereigns doctrine provides that separate sovereigns, such as sister states or the federal and a state government, may prosecute the same individual for the same acts without offending the double jeopardy clause of either the state or the federal constitution. *People v. Porter*, 156 Ill. 2d 218, 221-22 (1993). The rationale behind the separate-sovereigns doctrine is that " 'prosecutions under the laws of separate sovereigns do not, in the language of the Fifth Amendment, "subject [the defendant] for the same offence [*sic*] to be twice put in jeopardy." ' " *Id.* (quoting *United States v. Wheeler*, 435 U.S. 313, 317 (1978)).

¶ 15　At issue here is section 3-4(c)(1) of the Criminal Code, which addresses the effect of a former prosecution. Section 3-4(c)(1) of the Criminal Code provides that prosecution against the defendant is barred if (1) "defendant was formerly prosecuted in a District Court of the United States *** for an offense that is within the concurrent jurisdiction of this [s]tate," (2) the former prosecution "resulted in either a conviction or an acquittal," (3) "the subsequent prosecution is for the same conduct," and (4) proof of every required fact of one of the prosecutions must be required in the other prosecutions. 720 ILCS 5/3-4(c)(1) (West 2014). Absence of one of the four

requirements renders section 3-4(c)(1) of the Criminal Code inapplicable. *Porter*, 156 Ill. 2d at 223.

¶ 16    Here, the parties do not dispute that defendant was "formerly prosecuted" in federal court and that the prosecution resulted in a "conviction" against defendant. The parties, however, disagree that the subsequent state prosecution was for the "same conduct." Defendant argues that both prosecutions involved the same conduct, as the shooting of Casteel was the offense prosecuted in both the federal and state courts. Defendant further contends that "any argument to the contrary is waived" by the State, as it failed to contest it before the circuit court. The State acknowledges that it had "conceded the fact that both the federal and [s]tate offenses stemmed from the same conduct," but argues that this court may still entertain its argument on appeal that possession of a firearm was the act at issue in the federal prosecution, whereas shooting of the victim was the separate act at issue in the state prosecution. In support, the State points out that "a reviewing court is not bound by a party's concession" and that "an independent analysis on the 'same conduct' issue is appropriate under the *de novo* standard of review."

¶ 17    Generally, "issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal." *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996). However, waiver is considered "an admonition to the parties, not a jurisdictional limitation, and therefore it is no impediment to [our] ability to address issues of law." *Cambridge Engineering, Inc. v. Mercury Partners 90 BI, Inc.*, 378 Ill. App. 3d 437, 453 (2007). Therefore, we will review the merits of the State's argument on appeal.

¶ 18    The issue on appeal is whether a double jeopardy violation has occurred. In determining whether a violation has occurred, the question before us is whether the prosecutions are based on different criminal acts. *People v. Dinelli*, 217 Ill. 2d 387, 404 (2005). If the prosecutions are based

on different acts, then the double jeopardy clause is not implicated. *Id.* If, on the other hand, there was only a single physical act underlying both offenses, we must determine whether one charge is a lesser included offense of the other. *Id.* (citing *People v. Sienkiewicz*, 208 Ill. 2d 1, 6 (2003)). Accordingly, we must address whether the attempted murder and aggravated battery charges were based on the same act as that underlying firearm possession charge in federal court.

¶ 19    Our supreme court has applied a six-factor test in determining whether two prosecutions are premised on different physical acts. *Id.* The six factors are (1) whether defendant's acts were separated by an intervening event, (2) whether the acts occurred in the same location, (3) the time between the defendant's acts, (4) the victim's identity, (5) the similarity of the acts, and (6) the prosecutorial intent, as shown by the charging instrument's language. *Id.* Here, the acts do not appear to be separated by an intervening event. They also occurred in the same location, the Irving Park neighborhood. The record does not indicate that a significant amount of time had lapsed between defendant's actual possession of the gun and discharge of the gun. However, the state charges included an actual injured victim, Casteel, whereas the federal charge did not require a victim—the offense was accomplished by the mere possession of a firearm. The acts were clearly dissimilar in that one involved possession of a firearm, whereas the other involved its use or discharge. We recognize that, at the moment that defendant shot Casteel, he also possessed the gun. Significantly, however, defendant possessed the gun prior to the shooting, and continued to possess the gun until he dropped it during the officers' pursuit.  Possession of the gun prior to the shooting, standing alone, was sufficient to form the basis of the federal charge.

¶ 20    Lastly, the charging instruments indicate that each charge was based on a different act. For instance, the State's indictment charged defendant for committing the offense of "attempt first degree murder" and "aggravated battery." The indictment stated that defendant "without lawful

justification, with intent to kill, did an act, to wit: [s]hot Earl Casteel, which constituted a substantial step towards the commission of first degree murder." With respect to the aggravated battery charge, the indictment stated that defendant "in committing a battery, knowingly discharged a firearm *** and caused any injury to another person, to wit: shot Earl Casteel about the body." Although the record does not include a copy of the federal charging instrument, a copy of a plea agreement entered by the federal prosecutor, defendant, and defendant's counsel stated that "[t]he indictment in [the federal] case charges defendant with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count One)." The plea agreement reiterated the "factual basis" for the charge and stated that "[a]t the time of the charged offense, Jimenez had previously been convicted of a crime punishable by imprisonment for a term exceeding one year." Further, "Jimenez acknowledge[d] that the *** pistol he possessed was not manufactured in the State of Illinois, and had therefore previously traveled in interstate commerce." Thus, these documents show the intent in prosecuting different acts. We find that these factors are sufficient to establish that the two prosecutions were predicated upon separate acts. Therefore, double jeopardy did not bar the subsequent state charges.

¶ 21    Even assuming, *arguendo*, that both the federal and state prosecution stemmed from the same conduct, we find that each prosecution required proof of a different fact. Defendant argues that the federal firearm possession charge did not require proof of any facts not required in the state charges because the federal charge was essentially a lesser-included offense to the state charges. However, 18 U.S.C. § 922(g)(1) plainly requires the federal prosecutor to prove that (1) a person with a prior felony conviction, (2) shipped, transported, or possessed a firearm, (3) in interstate commerce. The State contends that a "prior felony conviction" and "interstate commerce" are elements that were required to be proven in the federal charge but not for the state

charge; therefore, the prosecutions required proof of different facts. Defendant, however, argues that these facts are irrelevant to the analysis because they were not part of the underlying conduct. Defendant contends that the "interstate commerce" element constituted a jurisdictional component and the felony conviction element only goes to his criminal status. We disagree.

¶ 22    Defendant is essentially making a "elements versus facts" distinction. As previously discussed, section 3-4(c)(1) of the Criminal Code bars a subsequent prosecution for the same conduct if the "proof of every required fact of one of the prosecutions [is] required in the other prosecution." See *Porter*, 156 Ill. 2d at 222. In other words, a subsequent prosecution for the same conduct (*i.e.* same set of facts) would not implicate the double jeopardy clause except where there is no difference in the proof required to sustain both prosecutions. See *People v. Barash*, 325 Ill. App. 3d 741, 746 (2001) (providing that section 3-4(c) of the Criminal Code "bars prosecution for a subsequent crime arising out of the defendant's same conduct only if the former crime shares the same elements as the subsequent crime"). Here, even accepting defendant's contention that there was no difference in the underlying conduct to prove both offenses, there is a difference in elements, or the proof required to sustain each prosecution. For instance, the attempted murder and aggravated battery charges did not require the State to prove that defendant had been convicted of a felony. Stated plainly, a conviction for attempted first degree murder requires proof that a person (1) with intent to kill, (2) takes a substantial step towards committing murder, such as firing a gun. See *People v. Scott*, 2020 IL App (1st) 180200, ¶ 54; 720 ILCS 5/9-1(a)(1) (West 2014). A conviction for aggravated battery with a firearm requires proof that a person (1) while committing a battery, (2) knowingly discharges a firearm, and (3) causes any injury to another person. 720 ILCS 5/12-3.05(e)(1) (West 2014). Similarly, unlike the State, the federal prosecutor was not required to prove that defendant discharged a weapon. As such, we find that the attempted murder

and aggravated battery charges are not barred under section 3-4(c)(1) of the Criminal Code where they required proof of elements distinct from the federal charge. To hold otherwise would require us to disregard the clear and unambiguous language of section 3-4(c)(1), which provides that unless the same proof is required for both prosecutions, the two prosecutions can encompass "the same conduct" without implicating the double jeopardy clause.

¶ 23                                    III. CONCLUSION

¶ 24     For the reasons stated, we affirm the judgment of the circuit court.

¶ 25     Affirmed.

**No. 1-18-2164**

| | |
|---|---|
| **Cite as:** | *People v. Jimenez*, 2020 IL App (1st) 182164 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 15-CR-18380(01); the Hon. Catherine M. Haberkorn, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Patricia Mysza, and Kieran M. Wiberg, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins, and Veronica Calderon Malavia, Assistant State's Attorneys, of counsel), for the People. |