THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. E.Z., Defendant-Appellant.

Second District    No. 2—92—0783

Opinion filed May 12, 1994.—Rehearing denied June 9, 1994.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, and Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Daniel A. Fish, State's Attorney, of Dixon (William L. Browers, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE QUETSCH delivered the opinion of the court:

Following a jury trial in the circuit court of Lee County, the defendant, E.Z., was found guilty of committing aggravated indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4.1(b)(1)(C)) and aggravated criminal sexual assault (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—14(b)(1) (now 720 ILCS 5/12—14(b)(1) (West 1992))) against J.M., and he was sentenced to two concurrent terms of 12 years' imprisonment. On appeal, the defendant contends that: (1) the State failed to prove his guilt beyond a reasonable doubt; (2) the trial

court erred by not conducting a hearing pursuant to section 115—10(b)(1) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 115—10(b)(1) (now 725 ILCS 5/115—10(b)(1) (West 1992))) prior to admitting testimony about J.M.'s out-of-court statements in which she complained about the defendant's actions; and (3) the trial court abused its discretion when sentencing him. We reverse and remand for a new trial.

At the trial, J.M. testified to an incident that occurred around Easter in 1983, when she was eight years old. After getting up from bed to go to the bathroom, J.M. was walking back to her bedroom when the defendant (who was her stepfather at the time) asked her to kiss him goodnight. The defendant told her to sit on the bed, and he then pulled down her pajamas and underwear and placed his finger in her vaginal area for about 5 to 10 minutes. The second incident occurred in December of 1984, when she asked the defendant to zip up her pants zipper. The defendant laid her down on a couch and put his fingers inside her vaginal area for about five minutes.

Both J.M. and her mother, C.Z., testified that J.M. first told C.Z. about the defendant's sexual abuse in 1989, after C.Z. had divorced the defendant. J.M. stated that the reason she had not confided in her mother sooner was because the defendant had told her that C.Z. would not be able to provide for J.M. without his monetary support. J.M. testified that she had confided in several other people, though, including some friends, her "group" at a treatment center for drug and alcohol abuse, and her grandmother. The defendant testified at trial that he had never sexually abused J.M.

The jury found the defendant guilty of aggravated indecent liberties with a child and aggravated criminal sexual assault, and the trial court sentenced him to two concurrent terms of 12 years in prison. The defendant's first argument on appeal is that we should reverse his convictions because the State failed to prove him guilty beyond a reasonable doubt.

The defendant contends that the State did not meet its burden of proof because J.M.'s testimony was not substantially corroborated. While at one time the law in Illinois required that the victim's testimony must be clear and convincing or substantially corroborated to sustain a sex offense, that standard has been rejected. (*People v. Wych* (1993), 248 Ill. App. 3d 818, 823.) In sex offense cases, as in other criminal cases, the test to be employed on review when the sufficiency of the evidence is questioned is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Wych*, 248 Ill. App. 3d at 823.

■ We conclude that the jury in this case had sufficient evidence to find the defendant guilty of both charged offenses. In order to convict the defendant of aggravated indecent liberties with a child, the State had to prove: (1) that around Easter in 1983 the defendant had used his finger to penetrate J.M.'s genital opening "with the intent to arouse or to satisfy the sexual desires of either the child, the person, or both" (Ill. Rev. Stat. 1983, ch. 38, par. 11—4.1(b)(1)(C)); and (2) at the time of the offense, the defendant was 17 years of age or older and J.M. was under the age of 9 years. In order to convict the defendant of aggravated criminal sexual assault, the State had to prove that: (1) in December of 1984 the defendant had used his finger to penetrate J.M.'s sex organ; and (2) at the time of the offense, the defendant was 17 years of age or older and J.M. was under 13 years of age.

The State met its burden of proof on both offenses. The testimony at trial established that the defendant was over the age of 17 when the offenses allegedly occurred. At the trial, J.M. testified that around Easter in 1983, when she was eight years of age, the defendant pulled down her pajamas and placed his fingers inside her vaginal area for about 5 to 10 minutes. J.M. testified that in December of 1984 (when she would have been either 9 or 10 years of age), the defendant placed his hand down her pants and put his fingers inside her vaginal area for approximately five minutes.

A complainant's testimony may be adequate to support a conviction of sexual abuse even where there are minor inconsistencies or discrepancies in her testimony. (*People v. Petitt* (1993), 245 Ill. App. 3d 132, 138.) Here, J.M. consistently testified that the defendant had abused her. Further, J.M.'s mother testified that after she divorced the defendant, J.M. told her of the defendant's sexual abuse. Although the defendant denied J.M.'s accusations, the trier of fact is in the best position to judge the credibility of the witnesses. (*People v. Gordon* (1993), 247 Ill. App. 3d 891, 902.) Viewing the evidence in the light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the offenses of aggravated indecent liberties with a child and aggravated criminal sexual assault beyond a reasonable doubt.

This case is not like *People v. Karmenzind* (1991), 220 Ill. App. 3d 167, cited by the defendant in support of his argument that the State failed to prove his guilt beyond a reasonable doubt. In *Karmenzind,* the appellate court reversed a jury's verdict that the defendant was guilty of aggravated criminal sexual assault. Factors important in the court's determination that the defendant had not been proved guilty beyond a reasonable doubt included: (1) the complainant,

C.K.'s, trial testimony differed in numerous ways from earlier versions of his story; and (2) the medical testimony established that C.K. had not been assaulted in the manner alleged. (*Karmenzind*, 220 Ill. App. 3d at 176.) By contrast, J.M.'s trial testimony in the present case was not inconsistent with any earlier versions of the story, and there was no medical testimony which called into question the credibility of J.M.'s accusations of sexual abuse.

■ The defendant next argues that we should reverse and remand for a new trial because the trial court failed to conduct a hearing pursuant to section 115—10(b)(1) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 115—10(b)(1) (now 725 ILCS 5/115—10(b)(1) (West 1992))) prior to admitting testimony about J.M.'s out-of-court statements in which she complained about the defendant's sexual abuse. The defendant has waived this issue by failing to raise it in his post-trial motion. (See *People v. Enoch* (1988), 122 Ill. 2d 176.) However, we choose to address the merits of the argument under the plain error rule (145 Ill. 2d R. 615(a)) because, for the reasons that follow, we find: (1) the trial court erred in admitting testimony about J.M.'s statements; and (2) the evidence in this case was closely balanced. *People v. Mitchell* (1993), 155 Ill. 2d 344.

Section 115—10 states in relevant part:

"(a) In a prosecution for a sexual act perpetrated upon a child under the age of 13, including but not limited to prosecutions for violations of Sections 12—13 through 12—16 of the Criminal Code of 1961, the following evidence shall be admitted as an exception to the hearsay rule:

(1) testimony by such child of an out of court statement made by such child that he or she complained of such act to another; and

(2) testimony of an out of court statement made by such child describing any complaint of such act ***.

(b) Such testimony shall only be admitted if:

(1) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; ***

\* \* \*

(c) If a statement is admitted pursuant to this Section, the court shall instruct the jury that it is for the jury to determine the weight and credibility to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factor." Ill. Rev. Stat. 1991, ch. 38, par. 115—10 (now 725 ILCS 5/115—10 (West 1992)).

Section 115—10 is the codification of a hearsay exception created to admit hearsay statements of children under the age of 13 who have been sexually abused. (*People v. Bridgewater* (1994), 259 Ill. App. 3d 344, 346.) However, in order for such hearsay statements to be admissible under section 115—10, the child must be under the age of 13 at the time the statement is made. *Bridgewater*, 259 Ill. App. 3d 344.

Here, both J.M. and her mother were permitted to testify on direct examination by the State about J.M.'s statement to her mother, made after J.M. reached the age of 13, in which she complained of the defendant's sexual abuse. This out-of-court statement was hearsay, since it was offered for the truth of the matter asserted (*i.e.*, that J.M. had complained of the defendant's actions against her). (*Laughlin v. France* (1993), 241 Ill. App. 3d 185, 192.) The defendant argues that the trial court erred in allowing this hearsay testimony, since it never held the section 115—10(b)(1) hearing to determine that the statement was reliable. However, since J.M. made this statement when she was over the age of 13, the section 115—10 exception to the hearsay rule did not apply; the statement would not have been admissible even if the trial court had conducted the section 115—10(b)(1) hearing. The trial court therefore erred when it allowed testimony about J.M.'s statement to her mother in which she complained of the defendant's sexual abuse.

Where guilt or innocence depends entirely on the credibility of the accuser and the defendant, no error should be permitted to intervene. (*People v. Emerson* (1983), 97 Ill. 2d 487, 502.) When error is shown to exist, a reversal is mandatory, unless it is clearly shown that the error was not prejudicial. (*Emerson*, 97 Ill. 2d at 502.) Here, the State presented no testimony concerning any physical evidence of abuse, nor were there any witnesses to the alleged crimes other than J.M. and the defendant. The guilt of the defendant hinged entirely on the credibility of J.M. and himself. Since the record fails to show affirmatively that the improperly admitted testimony was not prejudicial, the judgment must be reversed and the cause remanded for a new trial.

We next address an issue which may reemerge during such further proceedings. At the trial, J.M. also testified about hearsay statements she made to her grandmother and some friends in which she complained about the defendant's sexual abuse. Although not entirely clear from the record, these statements were apparently made when J.M. was under the age of 13 and, thus, subject to the section 115—10 exception to the hearsay rule. The trial court admitted these statements, but failed to hold the section 115—10(b)(1)

hearing to determine that the time, content, and circumstances of the statements provide sufficient safeguards of reliability. The court also failed to instruct the jury pursuant to section 115—10(c) about the factors to consider when determining the weight and credibility to be given the child's statements. This was error. (See *Mitchell*, 155 Ill. 2d 344; *People v. Smith* (1991), 221 Ill. App. 3d 605; *People v. Kargol* (1991), 219 Ill. App. 3d 66.) On remand, a section 115—10(b)(1) hearing must be held if the State seeks to admit hearsay statements made by J.M. when she was under the age of 13. If the statements are admitted, the trial court must give the section 115—10(c) instruction about the credibility to be given the statements.

Because the case is reversed and remanded, we need not address the defendant's final argument challenging his sentence. We note that we do not intend our finding that the evidence was sufficient to support a conclusion that the defendant was guilty beyond a reasonable doubt to be in any way binding, upon retrial, as to the defendant's guilt or innocence. We only intend to protect the defendant from the risk of double jeopardy. *People v. Taylor* (1979), 76 Ill. 2d 289, 309.

For the foregoing reasons, the judgment of the circuit court of Lee County is reversed and the cause remanded for a new trial.

Reversed and remanded.

BOWMAN and DOYLE, JJ., concur.