(No. 80088.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JEROME HOLLOWAY, Appellee.

*Opinion filed June 19, 1997.*

FREEMAN, C.J., dissenting.

Roland Burris and James E. Ryan, Attorneys General, of Springfield, and Jack O'Malley, State's Attorney,

of Chicago (Arleen C. Anderson, Assistant Attorney General, of Chicago, and Renee G. Goldfarb, James E. Fitzgerald, Veronica X. Calderon and Susan R. Schierl, Assistant State's Attorneys, of counsel), for the People.

Michael J. Pelletier, Deputy Defender, and Debra R. Salinger and Barbara C. Kamm, Assistant Appellate Defenders, of the Office of the State Appellate Defender, of Chicago, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant, Jerome Holloway, was convicted of criminal sexual assault (Ill. Rev. Stat. 1991, ch. 38, par. 12—13) and sentenced to a prison term of six years. The appellate court reversed and remanded for a new trial. 275 Ill. App. 3d 736. We granted leave to appeal (155 Ill. 2d R. 315) and now affirm the judgment of the appellate court.

Defendant was charged by indictment with having committed two counts of aggravated criminal sexual assault against his daughter, C.H., when she was 11 years old. Prior to trial, defendant objected to the admission of hearsay statements made by C.H. to her cousin, Erin Dalzell, when C.H. was 13 years old. The court ruled the hearsay statements admissible under section 115—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 115—10).

The evidence presented consisted of the testimony of C.H., Erin, and Dr. Sharon Ahart. Based on this evidence, the trial court found defendant guilty of two counts of aggravated criminal sexual assault and sentenced defendant to two concurrent six-year terms. The court subsequently vacated its original judgments and entered a finding of guilty of two counts of criminal

4

sexual assault. Defendant was again sentenced to two concurrent six-year terms.

The appellate court reversed the convictions and remanded the cause for a new trial. 275 Ill. App. 3d 736. The appellate court found that Erin's testimony concerning what she had been told by C.H. should not have been admitted under section 115—10(a)(2) of the Code of Criminal Procedure because C.H. was over the age of 12 when she told Erin of the alleged assault. 275 Ill. App. 3d at 737. Section 115—10 states in relevant part:

"(a) In a prosecution for a sexual act perpetrated upon a child under the age of 13 *** the following evidence shall be admitted as an exception to the hearsay rule:

(1) testimony by such child of an out of court statement made by such child that he or she complained of such act to another; and

(2) testimony of an out of court statement made by such child describing any complaint of such act or matter or detail pertaining to any act which is an element of an offense which is the subject of a prosecution for a sexual act perpetrated upon a child." Ill. Rev. Stat. 1991, ch. 38, pars. 115—10(a)(1), (a)(2).

The appellate court found the statute to be ambiguous. 275 Ill. App. 3d at 742-43. The court noted that the legislature enacted section 115—10 to lend credibility and assistance to the testimony of child victims by creating a hearsay exception. 275 Ill. App. 3d at 744. The court believed that section 115—10 allows out-of-court statements of a sexual assault only when the child was under the age of 13 at the time of the outcry. 275 Ill. App. 3d at 744-45. Thus, the appellate court held that Erin's testimony should have been excluded from the trial. 275 Ill. App. 3d at 745. The court reversed defendant's convictions and remanded the cause to the trial court for a new trial. 275 Ill. App. 3d at 745. We allowed the State's petition for leave to appeal. 155 Ill. 2d R. 315(a).

## I. FACTS

Defendant traveled to Rosemont, Illinois, in November 1987 to visit his former wife and their three children. At trial, defendant's oldest daughter, C.H., testified that she came home from school on a Thursday around 3 or 3:30 in the afternoon and observed defendant sitting on a couch watching television. C.H. had not seen defendant in over a year. Although C.H.'s younger twin sisters were in the apartment complex, C.H. testified that they were not in the unit at that time.

C.H. testified that she sat on the couch next to defendant. According to C.H., defendant began to touch her thighs and buttocks in an uncomfortable manner. C.H. moved to the floor. Defendant then made derogatory comments about her mother and called C.H. "a bad girl," telling her that she would pay for what she had done. C.H. stated that defendant then slapped her twice.

C.H. testified that defendant tied her hands above her head and stuck an object into her mouth. Defendant next pulled down his pants. C.H. observed that defendant had a birthmark on his buttocks. C.H. stated that defendant subsequently assaulted her both vaginally and orally. When the telephone in the apartment began to ring, defendant stopped and untied C.H. Defendant allegedly threatened that he would hurt her even more and would kill her sisters and mother if she ever told anyone what had happened. C.H. indicated that the phone rang for anywhere between 2 and 10 minutes. Defendant told her to answer the phone. C.H. could not recall who was on the telephone. C.H. stated that defendant then watched her shower, making sure that she washed her entire body. She claimed that she did not see her father during the rest of his visit.

In August 1990, C.H., then almost 14 years old, hosted a sleep-over party with her cousins Erin and Lindsey at her house. C.H. testified that she was not very involved with her cousins at the sleep-over. Upon

prodding by Erin, C.H. told her cousins about defendant's alleged attack nearly three years earlier. The cousins convinced C.H. to tell her mother and stepfather. C.H. stated that she then went to her parents' room, woke up her stepfather and told him about the incident. C.H. claimed that, because of impaired hearing, her mother did not wake up at that time.

Fifteen-year-old Erin testified that in August 1990, she stayed overnight at C.H.'s house. She stated that C.H. appeared to be "dazing off" and was very quiet. Erin stated that C.H. avoided the issue when asked what was wrong. Erin testified that C.H. eventually said that she was having nightmares about her father, and that her father had touched her. Erin stated that she then told C.H. to tell her mother. On cross-examination, Erin testified that she was very close to C.H. between 1987 and 1990, and that C.H. had never before told Erin of the incident nor, to her knowledge, had C.H. awakened screaming during this time.

Dr. Sharon Ahart, a board eligible pediatrician, testified that on August 16, 1990, C.H. told her that defendant penetrated her both vaginally and orally. According to Dr. Ahart, C.H. denied that anyone else touched her in her vaginal area. Dr. Ahart stated that although she did not use the term "penetration" in her medical report, she had found evidence of trauma to C.H.'s vagina that had been caused by sexual penetration. This finding was based on C.H.'s medical history, Dr. Ahart's own physical examinations, and C.H.'s statements to her that she had been abused. Dr. Ahart could not determine the object which had penetrated C.H. solely from her physical examination.

Defendant presented the testimony of Lieutenant Lee Mayer of the Rosemont police department. Mayer stated that he interviewed C.H. on August 17, 1990, after she had complained to her parents. Mayer testified

that C.H. did not tell him that defendant touched her legs or buttocks, called her mother derogatory names, or watched her shower and told her to wash her entire body. Mayer testified on cross-examination by the State that C.H. told him during the interview that defendant put his penis in her vagina and mouth.

Defendant testified next. He stated that he came to Illinois in November 1987 to pursue a reconciliation with his former wife and to see his children. He testified that he arrived in Chicago around 7 or 7:30 p.m. on Thursday, November 15, and that his former wife and their three children met him at the airport. Defendant stated that, because of the time of his arrival, it was impossible for him to have been at the apartment at 3 or 3:30 on that afternoon, which is the time C.H. said the incident occurred. Further, defendant stated that he went to the mall with C.H., his twin daughters, and his niece Lindsey on Friday evening. At the mall, the girls took a group picture at a coin-operated photo booth. Defendant asserted that this photo proved that C.H. saw defendant after the alleged incident. The photo was not dated and C.H. claimed that she did not remember when the photo was taken.

Defendant testified that, after he returned from the mall with his children, he and his ex-wife argued and defendant was asked to leave the house. Defendant returned to the house for about five hours on Sunday, November 18. After this, defendant spent a couple of days with some of his friends before returning to California. Defendant claimed that he was never alone with C.H. during his November visit. According to defendant, he did not return to Illinois until December 1990, after the charges had been filed against him.

As additional evidence, defendant stated that the birthmark C.H. claims to have seen during the assault was well known in the family because his grandfather

had the same birthmark. The family had allegedly discussed defendant's birthmark numerous times while he was still married and defendant stated that he had shown the birthmark to all of his children.

## II. DISCUSSION

### A. Outcry Admissibility When Declarant Over 12

In construing section 115—10, we must ascertain and give effect to the intent of the legislature. *Varelis v. Northwestern Memorial Hospital*, 167 Ill. 2d 449, 454 (1995). When possible, the intention of the legislature should be determined from the language of the statute. *Nottage v. Jeka*, 172 Ill. 2d 386, 392 (1996). In the instant case, though the parties' interpretation of the statute differs based on their respective definitions of the phrase "such child" in sections (a)(1) and (a)(2), both defendant and the State assert that the language of section 115—10 is clear and unambiguous.

The State believes that "such child" in sections (a)(1) and (a)(2) refers to a child who was under the age of 13 when a sexual act was perpetrated regardless of the age of the child at the time the child made an outcry. Defendant maintains that the phrase "such child" in sections (a)(1) and (a)(2) refers only to the phrase "under the age of 13" as used in section (a) and that the child, therefore, must have been under the age of 13 at the time of the outcry for the statements to be admissible under the hearsay exception.

While the State's interpretation has merit, the defendant's construction of the statute also is reasonable. When a statute can be reasonably interpreted in two different ways, it is ambiguous. *People v. Jameson*, 162 Ill. 2d 282, 288 (1994). Once a statute is found to be ambiguous, it is appropriate to look beyond its plain language to ascertain legislative intent. *People v. Ross*, 168 Ill. 2d 347, 352 (1995).

Section 115—10 was originally passed in response to the difficulty in convicting persons accused of sexually assaulting young children. This difficulty occurs because children's testimony in sexual assault cases is often inadequate. Problems in proof may result when the lesser developed cognitive and language skills that children have hinder them in adequately communicating the details of an assault. The legislature sought to create a hearsay exception to allow into evidence corroborative testimony that the child complained to another person about the incident.

During discussion of the bill, Representative Jaffe asserted that the bill "deals with corroboration that a child has been sexually molested and testimony that *** [the child] complained of such an incident." 82d Ill. Gen. Assem., House Proceedings, March 25, 1982, at 87 (statements of Representative Jaffe). Additionally, in speaking to an amendment to lower the age from children under the age of 18, as originally introduced, to children under the age of 13, as finally passed, Representative Stearney questioned whether the age of 17 was "rather high" and whether there was any need for corroboration of a 17-year-old. 82d Ill. Gen. Assem., House Proceedings, March 25, 1982, at 88 (statements of Representative Stearney).

It appears that the legislature, in providing for the admission of evidence of outcry statements as exceptions to the hearsay rule in certain cases, was concerned with the ability of the victim to understand and articulate what happened during the incident and the reluctance many victims have relating the details of the incident at trial. Evidence of an outcry statement made to another by a child under the age of 13 would corroborate the testimony of a child who, by reason of age, may be reluctant or unable to clearly express the details of the incident. The State's interpretation would measure

the applicability of the statute based solely on the age of the victim at the time of the assault without regard to the age of the child at the time of a subsequent outcry. The importance of allowing hearsay testimony of an outcry, however, is not dictated by the age of the victim when the assault occurs. Instead, it is dictated by the victim's ability to adequately testify to the alleged incident. We believe that the legislature addressed these concerns by limiting the admission of hearsay statements under section 115—10 to those statements made by a child under the age of 13.

In 1993 and 1994, the legislature enacted amendments to section 115—10(a). The 1993 amendment increases the list of crimes perpetrated against young children in which the hearsay exception is allowed. The 1994 amendment expands coverage to certain mentally retarded persons—showing the legislature's desire to rectify difficulties when the complainant has an impaired ability to testify. See 725 ILCS 5/115—10(a) (West 1994). The State's contention that these amendments show the legislature intended an expansive statute allowing hearsay testimony when the declarant is over the age of 12 reads the amendments too broadly.

We note also that our holding today is consistent with the prior opinions of our appellate court. *People v. E.Z.*, 262 Ill. App. 3d 29, 34 (1994) (child must be under the age of 13 at the time the statement is made in order to hold hearsay statements admissible under section 115—10); *People v. Bridgewater*, 259 Ill. App. 3d 344, 349 (1994) (age limit applies to the time the statement was made as well as to the time when the abuse allegedly occurred).

Following the decisions in *E.Z.* and *Bridgewater*, the legislature attempted to pass an amendment that directly addressed the age at which the outcry must occur in order to be admissible as a hearsay exception. In

1995, the House of Representatives passed a bill that would have amended section 115—10 to increase the age of the victim of a sexual assault for which a hearsay statement could be admitted from under 13 years of age to under 15 years of age. 89th Ill. Gen. Assem., House Bill 160, 1995 Sess.

The bill also provided that the hearsay statement would not be inadmissible because the child was 15 years of age or older when the statement was made. 89th Ill. Gen. Assem., House Bill 160, 1995 Sess. The Senate amended the bill to make the statement admissible only if the outcry was made within one year of the incident. 89th Ill. Gen. Assem., House Bill 160, 1995 Sess. The legislature could not agree on the amendment; therefore, the bill did not become law. 89th Ill. Gen. Assem., House Bill 160, 1995 Sess.

The legislature's attempt to amend section 115—10 could be viewed as an attempt by the legislature to change the law in response to the appellate court's decisions in *Bridgewater* and *E.Z.* Because the legislature did not amend section 115—10 to address the question of when an outcry statement can be admitted as a hearsay exception, however, we are left with the statute in its current form.

Based on the foregoing, we agree with the interpretation of the language of the present statute reached by the appellate court in *Bridgewater* and *E.Z.* If there is to be a change in the age in which an outcry statement is to be made in order to be admissible under section 115—10, it must be made by the legislature.

We further note that our holding is consistent with the language of statutes adopted in many other states. See, *e.g.*, Fla. Stat. Ann. § 90.803(23) (West Supp. 1997) (child must be age 11 or under at time of statement); Ind. Code Ann. § 35—37—4—6 (Michie 1994) (for hearsay statements to be admissible, the child must be

12

under the age of 14 at time of trial); Minn. Stat. Ann. § 595.02(3) (West Supp. 1988) (child must be under the age of 10 at time of statement); Mo. Ann. Stat. § 491.075 (West 1996) (child must be under the age of 12 at time of statement); Ohio R. Evid. 807 (Anderson 1996) (child must be under the age of 12 at time of trial or hearing); 42 Pa. Cons. Stat. Ann. §5985.1 (West Supp. 1996) (child must be age 12 or under at time of statement). At least 12 other states, by statute, limit the admissibility of outcry statements in a similar way.

For the reasons mentioned, we believe that the legislature intended that for an outcry statement to be admissible as a hearsay exception under section 115—10 the victim must have been under the age of 13 at the time the statement was made.

## B. Guilt Beyond a Reasonable Doubt

Defendant contends that, without the hearsay testimony concerning the statements made by C.H., the evidence was insufficient to prove him guilty beyond a reasonable doubt. During the trial, the court found C.H.'s testimony credible and believable, Dr. Ahart testified to evidence of trauma to C.H.'s vagina, and Lieutenant Mayer corroborated the major aspects of C.H.'s testimony. We find that this evidence, if believed by the trier of fact, was sufficient to support a finding of guilt beyond a reasonable doubt. Following *People v. Taylor*, 76 Ill. 2d 289, 309-10 (1979), we do not suggest any implication as to defendant's guilt or innocence that would be binding on retrial. Our finding is intended only to protect defendant from being subjected to double jeopardy.

## III. CONCLUSION

For the foregoing reasons, we find that hearsay statements made by a declarant over the age of 12 concerning sexual abuse that occurred when the declarant was

under the age of 13 are not admissible under section 115—10 of the Code of Criminal Procedure. Additionally, we find that the evidence remaining after the exclusion of the hearsay testimony warrants a new trial. We affirm the decision of the appellate court reversing the circuit court and remanding the cause to the circuit court for a new trial.

*Affirmed.*

CHIEF JUSTICE FREEMAN, dissenting:

I strongly disagree with the majority's overly restrictive interpretation of section 115—10, an evidentiary rule primarily designed to facilitate prosecutions of sexual acts committed against children under 13 years of age by providing for admission of those victims' outcry statements as statutory exceptions to the hearsay rule. Under the majority's holding, section 115—10 now automatically precludes the admission of a child's outcry statement concerning sexual acts committed upon her when she was under 13 years of age, if she chances to reach 13 years of age either by the time of her outcry or by the time for her trial testimony about that outcry (see Ill. Rev. Stat. 1991, ch. 38, par. 115—10(a)(1)). Quite anomalously, however, under the majority's interpretation, her outcry statements could be admitted through the testimony of a third person, if she does not testify, so long as she was under 13 years when she made her statements (see Ill. Rev. Stat. 1991, ch. 38, par. 115—10(a)(2)). In reaching its conclusion that the statute is ambiguous, the majority merely pays lip service to the established rules of statutory construction and struggles mightily to rationalize unwarranted judicial legislation that serves only to subvert clear public policies. The resulting interpretation of section 115—10 is not only internally inconsistent, but illogical in terms of the majority's own stated premises. Further, the interpretation is likely to produce absurd results in prosecutions

of sexual acts perpetrated on pre-adolescent children. Accordingly, I must dissent.

Section 115—10(a) states that "[i]n a prosecution for a sexual act perpetrated upon a child under the age of 13, including but not limited to prosecutions for violations of Section 12—13 through 12—16 of the Criminal Code of 1961," certain testimonial evidence shall be admitted as an exception to the hearsay rule. Ill. Rev. Stat. 1991, ch. 38, par. 115—10(a). Subsection (a) essentially sets out the type or character of criminal prosecutions in which the hearsay may be allowed. As such, the terms of subsection (a) are not personally descriptive of the victim so much as they characterize a particular type of criminal sexual conduct which is the subject of prosecution under section 115—10.

When one reads the plain language of sections 115—10(a)(1) and (a)(2) then, *in their entirety*, giving the term "such child" its ordinary meaning, it becomes clear that the term was intended merely as a short-hand reference to the victimized individual. The majority posits, however, that it is equally reasonable for the expressly stated 13-year limitation concerning the victim's age found in subsection (a) to apply, implicitly, at every juncture where the term "such child" is employed within section 115—10. The result then is that not only must the prosecution itself concern a sexual act upon a child under 13 years, but the child must have made the subject out-of-court statement as well as testify to it, if she so chooses, before she reaches 13 years of age. Where an enactment is clear and unambiguous, the court is not free to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express, nor is it necessary for the court to search for any subtle or not readily apparent intention of the legislature. *People v. Woodard*, 175 Ill. 2d 435 (1997). Notably, the two "con-

sistent" appellate decisions cited by the majority (*Bridgewater*, 259 Ill. App. 3d 344; *E.Z.*, 262 Ill. App. 3d 29) do not address the necessary correlative restriction flowing from their holdings that the child must also testify before reaching 13 years in order for admission of the outcry.

In my view, transposing the crime victim's age limitation to every instance where "such child" appears in section 115—10 represents an overly rigid and, therefore, less reasonable response to the statute's plain language, to say nothing about the fact that transposing the age limitation results in not one, but a trio of implications. In my view, section 115—10, in this respect, is not capable of two equally reasonable interpretations and is therefore not ambiguous. Even assuming, however, that the provision is ambiguous as drafted, I disagree with the conclusions drawn by the majority from its review of the provision's legislative history to support construction.

Section 115—10 was clearly enacted to put statutory teeth into an accepted common law hearsay exception for outcry or complaint by victims of rape. See *People v. Leamons*, 127 Ill. App. 3d 1056, 1068 (1984). The basis for admission of outcry evidence at common law was to establish that the victim did, in fact, speak out regarding the sexual assault, thereby refuting any presumption arising from evidence of her silence that nothing untoward occurred. See *People v. Damen*, 28 Ill. 2d 464, 472-73 (1963). There was no fixed or definite period of time within which the complaint must have been made, but a complaint was properly shown without inconsistent or unexplained delay. *Damen*, 28 Ill. 2d at 473. Under the common law rule, for the statement to be admissible, the complainant had to be a witness and therefore subject to cross-examination. Only the fact of the outcry or complaint was admissible, but not the details of the offense or the identity of the perpetrator.

Section 115—10 in its earliest form extended this common law exception for outcry complaint, limited to the fact that it occurred, to outcry complaint by child victims of sexual offenses in general. This early form of the statute assumed that the child victim would testify at trial and be subject to cross-examination. The 1988 version of the statute, in effect at the time of trial in the instant matter, allowed for admission of the child's outcry through the testimony of a third person if the child did not testify, and also allowed for admission of details concerning the offense, as well as the identity of the perpetrator. Significantly, the amended 1994 version, effective after the instant case, further expanded the scope of the statute beyond prosecutions for sexual offenses to a variety of offenses, and included as well acts committed against certain institutionalized mentally retarded persons.

Legislative debate surrounding the enactment of section 115—10 indicates that the rationale which supports the traditional common law hearsay exception in rape cases also supports section 115—10. See 82d Ill. Gen. Assem., House Proceedings, March 25, 1982, at 87 (statements of Representative Jaffe) (bill "deals with corroboration that a ·child has been sexually molested and testimony that *** [she] complained of such an incident"). That is, such hearsay is admissible to corroborate the fact of an assault as subsequently reported.

The majority, nonetheless, seizes upon a single comment by Representative Stearney as an indication that the intended significance of allowing such hearsay is for the limited purpose of corroborating the *trial testimony* of young child victims. See 177 Ill. 2d at 9 ("Representative Stearney questioned whether the age of 17 was 'rather high' and whether there was any need for corroboration of a 17-year-old"). There is absolutely no indication, however, that Representative Stearney's

question was directed towards the victim's age at the time of her trial testimony rather than her age at the time that the sexual acts were perpetrated on her. 82d Ill. Gen. Assem., House Proceedings, March 25, 1982, at 88 (statements of Representative Stearney). Neither is there indication that the Representative's question was directed to the age of the victim as a hearsay declarant. (Actually, there is negative indication that a declarant's age was under discussion.) In fact, it should be presumed that Representative Stearney's question concerned the age of the victim at the time of the sexual offense since that was the aspect of the statute which actually was amended as a result of the debate.

That Representative Stearney might question the need for corroboration under the statute in the case of an individual victimized at age 17 comports with the hearsay's significance as corroborative evidence of a sexual offense perpetrated sometime previously on a young child. Very young children are often too frightened to report or testify about such offenses, which are oftentimes committed by relatives or friends. *Cf. People v. Soler*, 228 Ill. App. 3d 183, 199 (1992); *People v. Foley*, 206 Ill. App. 3d 709, 716 (1990). Society now recognizes that sexually abused children are often secretive about the abuse they suffer, and that they may be severely conflicted concerning the abuse and delay reporting it for considerable periods of time. *Cf. People v. Dempsey*, 242 Ill. App. 3d 568, 579 (1993); *People v. Pollard*, 225 Ill. App. 3d 970, 976 (1992); *People v. Wasson*, 211 Ill. App. 3d 264, 270 (1991). A young child is often likely not to disclose such abuse until years after it occurs or begins, thereby causing questions to arise regarding the veracity of the child. Admitting an outcry statement by such a child, provided the prosecution proves that it is reliable and trustworthy, in the process envisioned by section 115—10(b) allows the prosecution an opportunity

to corroborate sexual abuse against a young child that might have occurred sometime previous to the victim's unfortunately tardy report to adults or authorities.

Representative Stearney could be expected to recognize that the same difficulties of proof would not more likely attend the sexual abuse of an individual aged 17 years. A 17-year-old individual, as opposed to a child under 13 years old, is more likely to immediately report commission of such acts to adults and authorities, thereby generating the likelihood of other forms of corroborative evidence (witnesses, physical evidence) besides hearsay. Thus, the admissibility of hearsay statements in prosecutions of sexual acts committed against older teens is a less critical matter.

Contrary to the majority, I do not read the legislative commentary cited as reflecting necessarily any underlying concern with the ability of the victim to adequately testify at trial. 177 Ill. 2d at 9. In my view, also, section 115—10(a)(2) clearly manifests the legislature's intent that evidence of a victim's outcry serve a purpose beyond corroboration of a possibly inarticulate and reluctant young child's trial testimony. Such intent is manifest because subsection (b) allows admission of testimony concerning a victim's outcry regardless of whether she provides it herself. The majority faults the State's interpretation for failing to measure the statute's applicability with regard to the age of the child at the time of a subsequent outcry. Yet, the majority measures the statute's applicability with regard to the age of the child at the time of trial though the child need not testify, and then fails to explain any significance for the arbitrary age requirement of "under 13 years" it imposes on the child at the time of her outcry.

I disagree with the majority's view that the importance of allowing hearsay testimony of an outcry or com-

plaint of a sexual offense is dictated necessarily by the victim's ability to adequately testify at trial. 177 Ill. 2d at 9. The importance of allowing hearsay testimony of an outcry or complaint of a sexual offense is dictated by the victim's ability to adequately and immediately report the offense. This was the important consideration underlying this hearsay exception at common law, and I see no indication of its change with enactment of the exception into statutory law.

Furthermore, rather than facilitate prosecutions, the majority's restrictive interpretation of section 115—10 is conducive of absurdities. For example, due possibly to judicial delay or outright procedural manipulations by a defendant, a child could be precluded from providing testimony of an outcry she made when she was under 13 years old, if she happens to turn 13 years old by the time the case is tried or retried following an appeal.

In sum, in cases of children and teens sexually victimized when under 13 years of age, the fact that they were not likely to have adequately and immediately reported such offenses is an important concern which I believe the legislature considered in providing, statutorily, for admission of these types of outcry statements. The statute was designed to admit this evidence, regardless of either the victim's age at the time of trial or the fact of her specific chronological age at the time of her outcry, provided that the court finds *in camera* that the time, content, and circumstances of her outcry provide sufficient safeguards of reliability, and she either testifies then or there is other corroborative evidence of the criminal act (see Ill. Rev. Stat. 1991, ch. 38, par. 115—10(b)).

Any issue regarding the trustworthiness of the hearsay statements made by a child victim after she turns 13 years old is addressed by the proviso that

testimony regarding the hearsay shall only be admitted if: (1) the court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and (2) the child either testifies at the proceedings, or is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement. These reliability criteria assure admission of the out-of-court statements in compliance with the strictures found in *Idaho v. Wright*, 497 U.S. 805, 111 L. Ed. 2d 638, 110 S. Ct. 3139 (1990) (holding relevant factors are the totality of circumstances surrounding the making of the statement and which render the declarant particularly worthy of belief).

In conclusion, I do not agree with the majority's apparent view that the legislature intended for this hearsay exception to be limited to cases where third persons testify to the victim's outcry statements made when she was under 13 years of age, or where she happens to be under 13 years of age at the time that she testifies to them. Given the prevailing environment concerning these crimes against children, and what we as a society have learned about these forms of childhood victimization, the only reasonable interpretation of the statute is that it means what it says and no more. This court should not turn a blind eye to the nature of childhood sexual abuse and prevailing public policies concerning such offenses.