On January 14, 1999, the applicant, John Foster, applied to reopen this court's judgment in State of Ohio v. John Foster
(Aug. 4, 1988), Cuyahoga App. No. 53711, unreported, in which this court affirmed Mr. Foster's convictions and sentences for two counts of rape. Although the State of Ohio did not file a brief in opposition to this application, the court for the following reasons denies the application, sua sponte.
 PROCEDURAL AND FACTUAL BACKGROUND
In 1986, Mr. Foster had been living in the apartment of his cousin, Leroy Foster. Leroy's girlfriend, Augustina LaCavera, and their baby also lived in the apartment. Because the relationship between Mr. Foster and Augustina had become so strained, Leroy Foster, in August 1986, asked Mr. Foster to stop living in the apartment; however, Mr. Foster frequently returned to visit.
On the evening of December 31, 1986, Mr. Foster gained entry into the apartment while Augustina was alone with the infant. He seized her while she was in the bedroom and raped her. Augustina then went into the bathroom to cry and change her clothes. When Mr. Foster heard her crying, he went into the bathroom and told Augustina that her crying "makes me hard." He seized her, dragged her into the bedroom and raped her again. After Mr. Foster left, Augustina, upon Leroy Foster's advice, called the police and went to the hospital. Tests revealed the presence of seminal fluid and sperm.
At trial in early 1987, Augustina testified to the above. Mr. Foster testified that the two of them had consensual sex. A jury convicted him of both counts of rape, and the trial court sentenced him to two concurrent terms of ten to twenty-five years.
On appeal, three attorneys represented Mr. Foster. Anton Lavrisha, withdrew when he saw that the trial counsel, Mr. Nigolian, had filed a notice of appeal; Mr. Lavrisha opined that trial counsel would know the case better and be in a better position to pursue the appeal. Mr. Nigolian withdrew when Mr. Foster expressed his dissatisfaction with his performance as trial counsel. The court then appointed the public defender as appellate counsel. The public defender withdrew when Mr. Foster expressed his dissatisfaction with the public defender's representation. This court then ordered Mr. Foster to submit an appellant's brief.
On April 18, 1988, Mr. Foster filed a pro se brief with the following assignments of error: (1) ineffectiveness of defense trial counsel for failing to obtain necessary records and discovery; (2) prosecutorial misconduct during closing argument; (3) insufficient evidence to convict him of the charged specification; (4) error by the trial court by allowing Augustina to cry during her testimony and by failing to give a curative instruction; (5) insufficient evidence to convict him; and (6) failure to note that the two charges of rape were allied offenses. On August 4, 1988, this court announced its decision. On August 15, 1988, Mr. Foster moved for reconsideration quoting several times from the court's opinion. On August 25, 1988, this court overruled the motion for reconsideration and journalized its decision. On January 24, 1989, Mr. Foster filed a notice of appeal to the Supreme Court of Ohio.
Approximately ten years later, Mr. Foster filed this application to reopen.
 DISCUSSION OF LAW
Mr. Foster now raises the following "assignments of error": (1) this court failed to warn him of the dangers of self-representation; (2) trial counsel was ineffective because he did not seek a dismissal of the indictment on the grounds that it violated Title 18 United States Code Section 243; and (3) the Cuyahoga County Common Pleas Court violated his constitutional rights by failing to select an African-American as a Grand Jury foreman.
App.R. 26(B)(1) and 2(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. Mr. Foster filed his application approximately ten years and five months after this court journalized its opinion; thus, the application is untimely.
Mr. Foster endeavors to show good cause by arguing that he never received a copy of this court's opinion; thus, he never knew his position with the court. This statement is inconsistent with the record, which reveals that he filed a motion for reconsideration in which he quoted this court's opinion. It is also inconsistent with his filing a notice of appeal to the Supreme Court of Ohio after this court journalized its decision. Moreover, the excuse of never having received a copy of the court's decision is insufficient to explain a lapse of over ten years. Accordingly, Mr. Foster has not established good cause for filing untimely, and this application is properly dismissed for that reason. State of Ohio v. John Cripple(June 9, 1993), Cuyahoga App. No. 61773, unreported, reopening disallowed (Nov. 13, 1998), Motion No. 97933 and State v. Klein(Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481.
Furthermore, res judicata properly bars this application. See, generally, State v. Perry(1967), 10 Ohio St.2d 175,226 N.E.2d 104. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In State v. Murnahan(1992), 63 Ohio St.3d 60,584 N.E.2d 1204, the supreme court ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.
In the present case, Mr. Foster filed his own appellate brief and raised six assignments of error, which this court found were reasonable grounds for the appeal. Nothing prevented Mr. Foster from deducing the current arguments when he could formulate arguments relating to insufficient evidence, specifications, curative instructions, prosecutorial misconduct and ineffective assistance of trial counsel. Indeed, one of Mr. Foster's current arguments is a variation on ineffective assistance of counsel. Furthermore, the courts have repeatedly ruled that res judicata
bars an application to reopen when the appellant has filed a prose brief. State v. Tyler(1994), 71 Ohio St.3d 398,664 N.E.2d 298, cert. denied (1995), 116 S.Ct. 98; State v. Boone(1996),114 Ohio App.3d 275, 682 N.E.2d 67; State v. Barnes(Mar. 24, 1986), Cuyahoga App. No. 50318, unreported, reopening disallowed (Mar. 4, 1994), Motion No. 36464; State v. Williams(Nov. 12, 1996) Cuyahoga App. No. 69936, unreported, reopening disallowed (Apr. 24, 1997), Motion No. 80441; and State v. Darkins(Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, unreported, reopening disallowed (Aug. 19, 1996), Motion No. 68671.
Accordingly, the application for reopening is denied.
ANN DYKE, P.J. CONCURS
DIANE KARPINSKI, J. CONCURS
 ___________________________________ JUDGE KENNETH A. ROCCO