JOURNAL ENTRY AND OPINION
On January 19, 2001, Michael Walker, pursuant to App.R. 26(B) and Statev. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, applied to reopen this court judgment in State of Ohio v. Michael Walker (May 31, 1984), Cuyahoga App. No. 47616, unreported, which affirmed Mr. Walker's convictions for aggravated murder, aggravated burglary, two counts of aggravated robbery and two counts of felonious assault. On March 8, 2001, the state filed its brief in opposition, and on April 26, 2001, Mr. Walker filed a reply brief. For the following reasons, this court denies the application.
In the early evening on February 25, 1983, Mr. Walker, who was carrying a gun, enlisted several acquaintances to help him steal a television set. They drove to the home of another acquaintance, Joseph Saunders, who admitted Mr. Walker and Raymond Howard. Shortly thereafter, Mr. Walker produced his gun, tied up Joseph Saunders and his brother, Robert Saunders, whom Mr. Walker beat, and put them in the bathroom. Mr. Walker and Mr. Howard then rummaged through the home. The Saunders brothers escaped from the bathroom and tried to leave. Mr. Walker intercepted Joseph Saunders in the front of the building. After a struggle, he aimed his gun and shot and killed Joseph.
The acquaintances in the car testified at trial that Mr. Howard came running from the home and yelled, "He's crazy." Shortly after the shooting, they met Mr. Walker, who said, "I had to kill him." Thomas Shaughnessy and Roger Hurley represented Mr. Walker at trial. In his defense Mr. Walker testified that Joseph was accidentally shot while they struggled for the gun. After trial the court appointed Mr. Shaughnessy as appellate counsel, who argued on appeal that the prosecutor withheld exculpatory evidence and infringed on Mr. Walker's right to remain silent. Mr. Shaughnessy also represented Mr. Walker on appeal to the Supreme Court of Ohio.
On August 3, 1992, Mr. Walker filed a motion for delayed reconsideration. This court denied the motion because he had failed to produce substantive grounds for relief. State v. Walker (May 31, 1984), Cuyahoga App. No. 47616, unreported, reopening disallowed (Aug. 6, 1992), Motion No. 30477.
Mr. Walker now claims that his appellate counsel was deficient for not arguing the ineffectiveness of trial counsel: First, trial counsel did not object to the closure of the courtroom during voir dire and the swearing of the jury. Mr. Walker maintains that the number of veniremen and the way the court shuttled them in and out of the courtroom resulted in a de facto closing of the courtroom. Second, counsel failed to obtain the full transcript because the voir dire and the swearing of the jury were not obtained. Third, trial counsel failed to adequately prepare, by not investigating Mr. Walker's version, not obtaining police statements and not interviewing witnesses. Finally, trial counsel did not object to the testimony of the state's trace metal expert.
App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The January 2001 application was filed approximately sixteen and one-half years after this court's decision. Thus, the application is untimely on its face, and Mr. Walker must show good cause to avoid dismissal.
To show good cause Mr. Walker argues that he timely filed an application to reopen in August 1992 with a request for an appointment of counsel. He further asserts that a Murnahan petition and/or an App.R. 26(B) application to reopen is not a postconviction remedy but a continuation of the direct appeal. White v. Schotten (C.A. 6, 2000).201 F.3d 743. Thus, he had a right to appointed counsel for the application. By denying his request for counsel and denying his petition, Mr. Walker argues, this court denied him his constitutional rights, and that denial in a timely-filed application constitutes good cause. However, Mr. Walker's reliance on Schotten is misplaced. Both a Murnahan
petition and an application to reopen pursuant to App.R. 26(B) are in nature a postconviction petition. The Supreme Court of Ohio recognized this in Supreme Court Practice Rule II, Section 2(A)(4)(b): "The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to State v. Murnahan (1992), 63 Ohio St.3d 60, and App. R. 26(B)." Thus, an applicant has no right to counsel in filing the application, and the absence of counsel or the denial of counsel for an application to reopen does not show good cause. State v. Miller (Mar. 23, 1992), Cuyahoga App. No. 59987, unreported, reopening disallowed (Mar. 18, 1997), Motion No. 79261. Nor does the denial in 1992 explain the more than eight years lapse of time between the two petitions.
Mr. Walker also endeavors to show good cause by arguing that his appellate counsel was enjoined from raising ineffective assistance of trial counsel against himself. This is unpersuasive and actually states an independent ground for denying the application to reopen. Misplaced reliance on counsel or the absence of counsel does not state good cause.Miller, supra; and State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, unreported, reopening disallowed (Jan. 16, 1997), Motion No. 75838. Again, the inability of appellate counsel to raise as an assignment of error his own ineffectiveness at trial does not explain the eight- and sixteen-year lapses of time. Thus, Mr. Walker has not established good cause for his late filing, and the application is properly dismissed as untimely.
Res judicata also properly bars this application. See, generally, Statev. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In Murnahan the supreme court ruled thatres judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.
In the present case Mr. Walker filed a previous application to reopen based on Murnahan, which this court denied for failure to state substantive grounds for relief. Mr. Walker has already had his crack at the Murnahan apple. The courts have repeatedly ruled that res judicata
bars an application to reopen when the appellant has filed a pro se
brief. State v. Tyler (1994), 71 Ohio St.3d 398, 664 N.E.2d 298, cert.denied (1995), 116 S.Ct. 98; State v. Boone (1996), 114 Ohio App.3d 275,682 N.E.2d 67; State v. Barnes (Mar. 24, 1986), Cuyahoga App. No. 50318, unreported, reopening disallowed (Mar. 4, 1994), Motion No. 36464; Statev. Williams (Nov. 12, 1996), Cuyahoga App. No. 69936, unreported, reopening disallowed (Apr. 24, 1997), Motion No. 80441 and State v.Larkins (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, unreported, reopening disallowed (Aug. 19, 1996), Motion No. 68671. In State v.Reddick (1995), 73 Ohio St.3d 88, 90-91, 647 N.E.2d 784, the Supreme Court of Ohio stated: "Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new rounds of appeals." The application of res judicata
is not unjust in this case, and the application is properly denied for that reason.
Finally, because appellate counsel also represented Mr. Walker at trial, he was not deficient for failing to raise the ineffectiveness of trial counsel on appeal. An attorney cannot realistically be expected to argue his own incompetency. State v. Cole (1982), 2 Ohio St.3d 112,443 N.E.2d 169; State v. Lambrecht (1989), 58 Ohio App.3d 86,568 N.E.2d 743; State of Ohio v. Peter Viceroy (May 20, 1996), Cuyahoga App. No. 68890, unreported, reopening disallowed (Mar. 25, 1999), Motion No. 1910 and State of Ohio v. Sharon Burns (Aug. 8, 1996), Cuyahoga App. No. 69676, unreported, reopening disallowed (Aug. 3, 2000), Motion No. 13033.
Accordingly, the application to reopen is denied.
TIMOTHY McMONAGLE, PRESIDING JUDGE.
KENNETH A. ROCCO, J. and FRANK D. CELEBREZZE, JR., J. CONCUR.