JOURNAL ENTRY AND OPINION
In State v. Jaffal, Cuyahoga County Court of Common Pleas Case No. CR-369065, applicant was convicted of aggravated burglary with notice of prior conviction/repeat violent offender specifications, felonious assault with notice of prior conviction/repeat violent offender specifications, vandalism, and failure to comply with order/signal of peace officer. This court affirmed that judgment in State v. Jaffal (July 27, 2000), Cuyahoga App. No. 76473, unreported. The Supreme Court of Ohio dismissed applicant's appeal to that court for the reason that no substantial constitutional question existed and overruled applicant's motion for leave to appeal. State v. Jaffal (2000), 90 Ohio St.3d 1468, 738 N.E.2d 381
[Supreme Court of Ohio Case No. 00-1610].
Applicant previously filed with the clerk of this court a timely application for reopening pro se which this court denied in State v.Jaffal (July 27, 2000), Cuyahoga App. No. 76473, unreported, reopening disallowed (Jan. 25, 2001), Motion No. 20824 [appeal pending as Supreme Court of Ohio Case No. 00-2200]. It is well-established that successive applications for reopening are not authorized.
 In the present case [applicant] Mr. Walker filed a previous application to reopen based on Murnahan, which this court denied for failure to state substantive grounds for relief. Mr. Walker has already had his crack at the Murnahan apple. The courts have repeatedly ruled that res judicata bars an application to reopen when the appellant has tiled a pro se
brief. State v. Tyler (1994), 71 Ohio St.3d 398, 664 N.E.2d 298, cert. denied (1995), 116 S.Ct. 98; State v. Boone (1996), 114 Ohio App.3d 275, 682 N.E.2d 67; State v. Barnes (Mar. 24, 1986), Cuyahoga App. No. 50318, unreported, reopening disallowed (Mar. 4, 1994), Motion No. 36464; State v. Williams (Nov. 12, 1996), Cuyahoga App. No. 69936, unreported, reopening disallowed (Apr. 24, 1997), Motion No. 80441 and State v. Larkins (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, unreported, reopening disallowed (Aug. 19, 1996), Motion No. 68671. In State v. Reddick (1995), 73 Ohio St.3d 88, 90-91, 647 N.E.2d 784, the Supreme Court of Ohio stated: "Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new rounds of appeals." The application of res judicata is not unjust in this case, and the application is properly denied for that reason.
State v. Walker (May 31, 1984), Cuyahoga App. No. 47616, unreported, reopening disallowed (Aug. 3, 2001), Motion No. 27447 at 6-7.
Likewise, res judicata bars the second application for reopening filed in this case. Indeed, applicant once again argues — as he did in his first application — that his trial counsel was ineffective for failing to "interview or investigate several witnesses potentially favorable to the defense and subpoena records critical to the defense." Second Application, at 6. Yet, this court rejected the same argument in the journal entry and opinion disposing of the first application. Id. at 6-8. Additionally, applicant also raised the issue of the exclusion of testimony regarding the victim's prior violence in the first application. Id.
Applicant also contends that his trial was unfair due to prosecutorial misconduct.
 The conduct of a prosecuting attorney during the course of trial cannot be made a ground for error unless that conduct deprived the defendant of a fair trial. State v. Papp (1978), 64 Ohio App.2d 203, 412 N.E.2d 401. In addition, another factor to be considered in determining whether the prosecutor's actions constituted misconduct is whether the remarks prejudicially affected substantial rights of the defendant. State v. Smith (1984), 14 Ohio St.3d 13, 470 N.E.2d 883.
State v. Brooks (Aug. 15, 1985), Cuyahoga App. No. 48914, unreported, reopening disallowed (Nov. 9, 2000), Motion No. 19635, at 4. Applicant complains that the prosecutor's inquiries during voir dire regarding experience with domestic violence and the prosecutor's questions to the victim while referring to the emergency admittance sheet from the hospital which treated her were improper. Applicant does not cite any authority for concluding that this evidence prejudicially affected his substantial rights. Likewise, although applicant states that the prosecutor withheld one of the victim's statements, trial counsel indicated that "the State made available to me the entire file, let me read every page in the file, which included the victim's statement. Based on that, I told him during trial that there [were] no material inconsistencies in the testimony of the victim and the statement that she had given the police several days after this incident * * *." TR. 559. In light of this record, we cannot conclude that appellate counsel was ineffective for failing to assert error with respect to the witness statements.
Applicant also complains that appellate counsel did not follow applicant's instructions regarding the state's use of "appellant's letters * * *, recorded tapes of threatening phone calls [by the victim] and lack of in-camera inspection as instructed by appellant." Second Application, at 10. In the first application for reopening, applicant also argued that his appellate counsel was ineffective for failing to follow applicant's instructions and this court rejected that argument as a basis for reopening. Applicant does not, however, identify where in the record he raised these concerns or instructed counsel.
 We have repeatedly held that matters arising from evidence outside the record should be addressed in postconviction relief proceedings. See, e.g., State v. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, unreported, reopening disallowed (Mar. 5, 1998), Motion No. 89560, at 4 [appeal pending as Supreme Court of Ohio Case No. 98-0690 (appeal dismissed in 82 Ohio St.3d 1440, 695 N.E.2d 264)].
State v. Simms (Sept. 19, 1996), Cuyahoga App. No. 69314, unreported, reopening disallowed (Aug. 13, 1998), Motion No. 89037, appeal dismissed (1998), 84 Ohio St.3d 1409, 701 N.E.2d 1019, at 6, 10. State v. Jaffal
(July 27, 2000), Cuyahoga App. No. 76473, unreported, reopening disallowed (Jan. 25, 2001), Motion No. 20824 (appeal pending as Supreme Court of Ohio Case No. 00-2200) at 6-7.
None of the grounds asserted by applicant provides a basis for reopening.
Additionally, applicant's attempt to demonstrate good cause for the untimely filing of this second application necessarily fails. Applicant contends that he is: without counsel; "a layman at law;" an inmate; and required to rely on "jailhouse" lawyers. In addition to the fact that applicant already has filed a timely application for reopening in this case, it is well-established that being a lay person in prison and without counsel is not a sufficient basis for establishing good cause. See, e.g., State v. Qunnie (July 9, 1998), Cuyahoga App. No. 72580, unreported, reopening disallowed (Dec. 21, 2000), Motion No. 13499, at 3-4, appeal dismissed (2001), 91 Ohio St.3d 1482, 744 N.E.2d 1195.
As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
TIMOTHY E. McMONAGLE. J., AND TERRENCE O'DONNELL. J., CONCUR.