JOURNAL ENTRY AND OPINION
The journal entries reflecting applicant's conviction and sentence inState v. McCants, Cuyahoga County Court of Common Pleas Case Nos. CR-50160, 50235, 50360 and 50362 were dated November 13, 1979 and received for filing on November 19, 1979. Applicant pro se filed notices of appeal from the November 19, 1979 entries on December 1, 1997. Applicant also filed motions for leave to file delayed appeal in all four cases. This court denied the motions for leave to file delayed appeal inState v. McCants (Jan. 7, 1998), Cuyahoga App. Nos. 73601, 73602, 73603 and 73604, unreported.
Applicant filed with the clerk of this court an application for reopening on February 26, 2001. We denied that first application for reopening in State v. McCants (Jan. 7, 1998), Cuyahoga App. Nos. 73601, 73602, 73603 and 73604, unreported, reopening disallowed (Apr. 24, 2001), Motion No. 25650.
Applicant filed a second application on November 19, 2001. We deny the second application. As required by App.R. 26(B)(6), the reasons for our denial follow.
In the second application, applicant essentially reformatted and resubmitted his first application nearly verbatim. It is well established that successive applications for reopening are not authorized.
 In the present case [applicant] Mr. Walker filed a previous application to reopen based on Murnahan, which this court denied for failure to state substantive grounds for relief. Mr. Walker has already had his crack at the Murnahan apple. The courts have repeatedly ruled that res judicata bars an application to reopen when the appellant has filed a pro se
brief. State v. Tyler (1994), 71 Ohio St.3d 398, 664 N.E.2d 298, cert. denied (1995), 116 S.Ct. 98; State v. Boone (1996), 114 Ohio App.3d 275, 682 N.E.2d 67; State v. Barnes (Mar. 24, 1986), Cuyahoga App. No. 50318, unreported, reopening disallowed (Mar. 4, 1994), Motion No. 36464; State v. Williams (Nov. 12, 1996), Cuyahoga App. No. 69936, unreported, reopening disallowed (Apr. 24, 1997), Motion No. 80441 and State v. Larkins (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, unreported, reopening disallowed (Aug. 19, 1996), Motion No. 68671. In State v. Reddick (1995), 73 Ohio St.3d 88, 90-91, 647 N.E.2d 784, the Supreme Court of Ohio stated: "Neither Murnahan nor App.R. 26 (B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new rounds of appeals." The application of res judicata is not unjust in this case, and the application is properly denied for that reason.
State v. Walker (May 31, 1984), Cuyahoga App. No. 47616, unreported, reopening disallowed (Aug. 3, 2001), Motion No. 27447 at 6-7. See alsoState v. Jaffal (July 27, 2000), Cuyahoga App. No. 76473, unreported, reopening disallowed (Sept. 17, 2001), Motion No. 29756, at 2-4.
Likewise, res judicata bars the second application for reopening filed in this case. In light of the fact that applicant's second application is substantially a refiling of his first application, denying the second application on the ground of res judicata is not unjust.
Additionally, applicant filed the appeals in Case Nos. 73601, 73602, 73603 and 73604 pro se. The fact that applicant filed his direct appealpro se is a sufficient basis for denying the application for reopening.
Another basis for denying the second application is that it was clearly untimely and applicant has not demonstrated good cause for the untimely filing. App.R. 26(B)(1). Similarly, the second application is not supported by a sworn statement as required by App.R. 26(B)(2)(d). "The signature of applicant is not sufficient to comply with the formal requirements for an affidavit. See R.C. 2319.01 through 2319.04." Statev. Trembly (Mar. 16, 2000), Cuyahoga App. No. 75996, unreported, reopening disallowed (Oct. 20, 2000), Motion No. 16908, at 2-3. The lack of a sworn statement is fatally defective.
As a consequence, applicant has not met the standard for reopening. Accordingly, the second application for reopening is denied.
FRANK D. CELEBREZZE. JR., J. AND JAMES J. SWEENEY. J., CONCUR.