NOTICE
Decision filed 06/01/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190248-U

NO. 5-19-0248

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 18-CF-185 |
| | ) | |
| DANDRE R. BROWN, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Overstreet and Wharton concurred in the judgment.

**ORDER**

¶ 1   *Held*: Because the trial judge did not err when he denied the defendant's motion to dismiss the aggravated robbery count of the defendant's seven-count state court indictment on statutory double jeopardy grounds pursuant to 720 ILCS 5/3-4(c) (West 2016), we affirm the trial judge's order.

¶ 2   The defendant, Dandre R. Brown, appeals the order of the circuit court of Madison County that denied the defendant's motion to dismiss the aggravated robbery count of the defendant's seven-count state court indictment on statutory double jeopardy grounds pursuant to section 3-4(c) of the Criminal Code of 2012 (720 ILCS 5/3-4(c) (West 2016)). The defendant has brought this timely interlocutory appeal pursuant to Illinois Supreme Court Rule 604(f) (eff. July 1, 2017), which allows a defendant to file an

1

interlocutory appeal under these circumstances. For the following reasons, we affirm the trial judge's order.

¶ 3                                    I. BACKGROUND

¶ 4    The facts necessary to our disposition of this appeal follow. On April 5, 2018, the defendant was indicted in the circuit court of Madison County in a seven-count indictment which alleged, *inter alia*, one count of aggravated robbery. The aggravated robbery count of the indictment alleged, of relevance to this appeal, that on November 29, 2017, the defendant, "while indicating to an employee of" a branch of US Bank that the defendant "was armed with a dangerous weapon, knowingly took property, being US currency, from the presence of the employee *** by indicating via a handwritten note that he was presently armed with a dangerous weapon." Five of the other counts of the indictment charged the defendant with robbery of a financial institution (four of these counts were related to robberies of banks other than the US Bank branch at issue in the aggravated robbery count), while the final count of the indictment charged the defendant with possession of a stolen motor vehicle.

¶ 5    On March 18, 2019, the defendant filed a motion to dismiss on both federal and state double jeopardy grounds. Therein, the defendant alleged that he "was charged federally with the same course of conduct and was ultimately convicted and sentenced to 20 years" in federal prison on those charges. He contended that "720 ILCS 5/3-4(c)(1) prohibits the prosecution on the same set of facts if" a defendant has been convicted in federal court. In response, the State contended that there were no double jeopardy issues in this case because the defendant's aggravated robbery charge in state court included "an

additional element of inferring the defendant had a weapon that is not contained in the federal indictment." The State's position was that the appropriate way to determine if there was a double jeopardy problem was to examine the elements of the offenses in question, not whether the offenses derived from the "same set of facts," as the defendant contended. The State also contended that "the federal prosecution is not a 'former' prosecution" as required by the statute, because the first state charges in this case, although later superceded by the indictment, were filed contemporaneously with the first federal charges, on January 19, 2018.

¶ 6     Following the filing of additional pleadings, a hearing was held on the defendant's motion on May 3, 2019. At the hearing, the defendant reiterated the contention that the federal bank robbery charge and the state aggravated robbery charge "allege the same conduct." The defendant further contended that the aggravated robbery charge was "absolutely the same offense as he pled guilty to in Count I of the federal indictment. It alleges the same facts. It's the same course of conduct." He argued that "the dates of the filings are completely irrelevant in the application of [the Illinois double jeopardy] statute" because the statute "doesn't indicate anywhere in regards to when things are filed."

¶ 7     In response, the State argued that the defendant had waived any double jeopardy challenges he may have had by entering into a plea agreement in the federal cases that referenced a sentencing cap in the state cases, although upon questioning by the trial judge, the State subsequently conceded that the purported waiver was not stated "explicitly" in any document. The State also argued, with regard to the timing of the

3

charges, that under the Illinois statute, a "prosecution" is defined as "commencing with the return of the indictment or the issuance of the information," and that because in this case the first federal and state charges were filed simultaneously, the federal prosecution was not a "former prosecution" barred by the statute. The State further contended, with regard to the elements and facts of the charges, that in the Illinois prosecution for aggravated robbery, the State would be required to prove that the defendant "inferred that he was armed with a dangerous weapon," an element and a fact not required for the federal bank robbery charge.

¶ 8     In reply, the defendant contended that "to sustain Count I in the federal indictment they have to show that he threatened the use of force. That was done by showing that he gave this note to a teller that inferred he had a gun. That is part of the [stipulated] facts that are presented on the federal Count I." The defendant noted that the defendant's federal sentence was increased because of those stipulated facts, and continued: "All of the same facts would have been presented. There's nothing different that could have been presented on the charge of aggravated robbery that wouldn't have been presented to sustain the conviction in Count I of the federal indictment."

¶ 9     The State responded as follows:

"[Defense counsel] is talking about the facts of the case and the statement of facts. That's different than the elements. And the elements are what govern the question of whether or not it's barred by subsequent prosecutions. In regard to Count I, if you reverse the argument that [defense counsel] just made, there's no way the State could prove aggravated robbery based on what's alleged in the federal

4

indictment. If I just proved by threat or force or use of force that's a robbery, in the State of Illinois that would not be enough for it to be aggravated robbery. The State has to prove, which was not alleged anywhere in any of the federal indictments or informations, that it was, in fact, armed, indicating he had a dangerous weapon. The State would not be permitted to bypass that essential element. And, therefore, it is distinctly different from the federal indictment."

¶ 10 Subsequently, the trial judge asked the defendant if the defense position was that "it's not a direct elements comparison. It is a proof comparison ***?" The defendant answered, "Yes." The defendant added that with regard to both charges:

"the same facts would be presented. While the feds may not have necessarily had to show that he inferred he had a weapon, the only way to sustain that [federal] Count I would have been to show that he inferred that he had a weapon. That is what happened. That is the fact. That is his conduct that was charged. And, again, he was punished for inferring he had a weapon in federal court. It increased his sentencing guidelines. And it was—it would have been an element that they would have presented, and it would have been encompassed in the facts that were presented. The exact same fact that would have been presented to sustain a conviction in Count I of the federal indictment would have to have been presented by the State to sustain a conviction of [aggravated robbery]."

The trial judge thereafter announced that he was granting the defendant's motion to dismiss as to all of the counts other than the aggravated robbery count, and that he was taking the motion under advisement as to that count.

5

¶ 11   On June 13, 2019, the trial judge entered an order in which he denied the defendant's motion to dismiss as to the aggravated robbery count, ruling that the appropriate question was whether different elements were involved with the two offenses, and that because in this case the federal bank robbery count and the state aggravated robbery count had different elements, there was no double jeopardy problem that prohibited the prosecution of the defendant on the aggravated robbery charge in the circuit court of Madison County. Specifically, the trial judge found that:

> "The controlling statute under these circumstances is 720 ILCS 5/3-4(c) which provides, in relevant part, that a prosecution is barred if the defendant was formerly prosecuted in a District Court of the United States for an offense that is within the concurrent jurisdiction of this State, if that former prosecution resulted in a conviction, and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution."

The trial judge reasoned that to determine "whether the state and federal prosecutions require proof of a fact not required in the other prosecution" he would analyze the relevant pattern jury instructions. He noted that to prove the state charge of aggravated robbery, the State would be required to prove that the defendant (1) knowingly took property from the presence of another, (2) by threatening the imminent use of force, (3) while indicating verbally or by his actions that he was armed with a firearm. He further noted that to prove the federal bank robbery charge, the federal prosecutors would have been required to prove that the defendant (1) took from the presence of another, property belonging to a bank, (2) the deposits of which were at the time insured by the

6

FDIC, (3) acting to take such property by force and violence, or by intimidation, and that the federal pattern jury instructions defined intimidation as "to say or do something that would make a reasonable person feel threatened under the circumstances." The trial judge ultimately concluded that in this case, although the state element of "threatening the imminent use of force" was "equivalent to" the federal "intimidation" element, nevertheless "[t]he state charge requires proof that not only did the defendant threaten the imminent use of force, but that he did so in a particular manner—by indicating he was armed with a firearm." Accordingly, he ruled against the defendant as to the charge of aggravated robbery. This timely interlocutory appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, the defendant's sole claim of error is that the trial judge erred when he denied the defendant's motion to dismiss the aggravated robbery count of the indictment along with the other counts. He does not raise arguments related to double jeopardy under the United States Constitution, or the Illinois Constitution, proceeding instead solely on the grounds that the Illinois statute in question (which the trial judge correctly noted is found at 720 ILCS 5/3-4(c) (West 2016)) prohibits his prosecution for aggravated robbery in this case. He does not argue that section 3-4(c) is unconstitutional, either in general or as applied in this case. Instead, he raises many of the same arguments he did before the trial judge, again pointing out that under the Illinois statute, the question is whether "each prosecution requires proof of a fact not required in the other prosecution," and contending that because the statute requires "proof of a fact" instead of "proof of an additional fact," the appropriate test for a court "should be one of facts rather than that of

7

elements." He argues that under such a test in this case, "the facts used to prove [the defendant] guilty at the federal level would be the exact facts used to prove [the defendant] guilty at the state level," and that accordingly, "statutory double jeopardy should preclude this dual prosecution." He correctly notes that because neither the facts nor the credibility of the witnesses are at issue in this case, this court's standard of review is *de novo*. See, *e.g.*, *People v. Ventsias*, 2014 IL App (3d) 130275, ¶ 10.

¶ 14    We begin our analysis with the plain, unambiguous language of the statute itself. As the trial judge correctly noted, section 3-4(c) provides, of significance to the issue raised by the defendant in this appeal, that "[a] prosecution is barred if the defendant was formerly prosecuted in a District Court of the United States *** for an offense that is within the concurrent jurisdiction of this State, if that former prosecution *** resulted in either a conviction or an acquittal, and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution ***." 720 ILCS 5/3-4(c) (West 2016). Of relevance to the defendant's "elements versus facts" argument in this appeal, we note—as the defendant himself has pointed out—that the Illinois Supreme Court has held that for a subsequent prosecution to be barred by the statute, "proof of every required fact of one of the prosecutions must be required in the other prosecution." *People v. Porter*, 156 Ill. 2d 218, 222 (1993). In light of the *Porter* court's holding, and the plain, unambiguous language of the statute, we conclude that section 3-4(c) bars a subsequent prosecution "for the same conduct" only if each prosecution *does not require proof of a fact* not required in the other prosecution. In other words, a subsequent prosecution for the same conduct—the same set of facts—is

8

permissible in all circumstances except those where there is no difference in the proof *required* to sustain both prosecutions. In this case, although there may be no difference in the facts that could be offered to prove both offenses, there is a difference in the facts—the proof—*required* to sustain each prosecution. As the trial judge correctly pointed out, the aggravated robbery charge in this case "requires proof that not only did the defendant threaten the imminent use of force, but that he did so in a particular manner—by indicating he was armed with a firearm." As the trial judge also correctly pointed out, no such proof of indicating that he was armed with a firearm, or armed at all, was *required* in the federal case. Likewise, the federal statute *required* proof that the bank was insured by the FDIC, whereas the state aggravated robbery charge does not. Thus, it is of no import, in terms of the plain, unambiguous language of section 3-4(c) and the *Porter* court's holding, that the same proof might have been *offered* in both cases, because the same proof was not *required* in both cases. To hold otherwise would require us to disregard the fact that section 3-4(c) clearly and unambiguously states that unless the same proof is *required* (rather than merely "offered"—a term not used at all in section 3-4(c)) for both prosecutions, the two prosecutions can encompass "the same conduct" without running afoul of principles of double jeopardy.

¶ 15                                    III. CONCLUSION

¶ 16    For the foregoing reasons, we affirm the denial of the defendant's motion to dismiss the aggravated robbery count of his indictment.


¶ 17    Affirmed.